OPINION OF THE COURT
Edward O. Provenzano, J.
The complaint in this action alleged 16 causes of action sounding in fraud, breach of contract, conspiracy, conversion and the like. All of the defendants moved (a) to dismiss the complaint or certain causes of action therein, various grounds being stated therefor, and (b) alternatively, to make the complaint more definite and certain. While the motions were still pending before the court, plaintiff served an amended complaint on counsel for all defendants. In conjunction with such service, plaintiff also moved for leave to so amend.
Through communications from their counsel, the various defendants have reacted somewhat similarly to plaintiff’s actions. Mr. Posner states that he is withdrawing his motion and that he does not oppose plaintiff’s motion to amend. Southtown-AMC Jeep, Inc., advises that it has "no objection to” withdrawal of its motion, but opposes plaintiff’s motion to *579 amend on the stated ground that plaintiff was free to amend, once, as of course and that leave is thus not required. The remaining defendants state that they do not oppose the motion to amend and that therefore their motions addressed to the complaint have become moot.
Plaintiff persists with his request for leave to amend. He takes the position that defendants may not withdraw their motions without court permission, that the said motions should be deemed addressable to the amended complaint, and that defendants can supplement their motion papers where necessary for that purpose.
By virtue of their motions against the complaint, defendants’ times to answer the complaint were automatically extended until after the motions were decided. (CPLR 3211, subd [f].) Plaintiff was therefore free to amend the complaint as of course, as he has done. (CPLR 3025, subd [a].) The amended complaint having been lawfully served, it superseded the original complaint and became the only complaint in the case, and the action must proceed as though the original pleading had never been served. (Halmar Distrs. v Approved Mfg. Corp., 49 AD2d 841.) The motions of all defendants addressed to the original complaint were thus rendered moot and must therefore be denied. (See Green v Kings Mercantile Co., NYLJ, Nov. 22, 1963, p 15, col 2.)
In his Practice Commentary on CPLR 3211 (McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:65), Professor Siegel disapproves of the holding just reached. He states that service of an amended pleading pending the determination of a motion to dismiss the original pleading should not be deemed to abate the dismissal motion. He further advises that the court should continue to entertain the motion based on a consideration of the original pleading and amended pleading together. (Cf., also, Matter of D’Addario v McNab, 73 Misc 2d 59.) This court cannot agree with the latter suggestion, for two reasons. The primary reason is that, in legal contemplation, the original pleading no longer exists.
Secondly, in many cases, such a process would be extremely unwieldy. The present case is one in point. The amended complaint has added a new defendant, deleted two cases of action previously pleaded and added a new cause of action. One cause of action originally pleaded on two thirds of one page now covers over 6 pages in the amended complaint. The original complaint consisted of 43 pages and 2 pages of attach *580 ments. The amended complaint contains 69 pages and 31 pages of attachments. Surely, the original moving papers would have insufficient relevance to the allegations in the amended pleading here, and if (as suggested by plaintiff) they were "supplemented” for that purpose one can imagine what a chamber of horrors might confront an appellate court.
There is merit to much of Professor Siegel’s argument against abatement. For example, an unartful or incompetent pleader may cause considerable unwarranted expenses to his adversaries’ clients because of the necessity of successive motions addressed to his pleadings. In the present case, the court notes, the motion papers submitted by the Harris, Beach law office weighed approximately two pounds! But the remedy against such abuses, if there is to be one, must come from the Legislature. The courts can only apply the law as it is given to them, not as they would like it to be. If it so desired, the Legislature could provide that no amendment as of course may be made of a pleading which is the subject of a dismissal motion pending before the court. To date it has not done so.
This court’s aforesaid holding has been based on application of the black-letter law of CPLR 3025 (subd [a]) and 3211 (subd [f|). The court is aware of no authority granted to it under the State Constitution by the Legislature which would permit it to hold otherwise, despite the preference of Professor Siegel and the practice in the Second Department as stated in Matter of D’Addario v McNab (73 Misc 2d 59, supra).
Defendants’ motions addressed to the original complaint, having been rendered moot, are denied. This resolution makes it unnecessary for the court to deal with the withdrawal of those motions. Plaintiffs motion for leave to serve the amended complaint is denied as being needless. Defendants shall have 20 days after service of notice of entry of the order based hereon within which to answer or to move against plaintiffs amended complaint.