OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a motion to dismiss the complaint in an action to collect a brokerage commission. This motion presents an interesting question as to the relationship of CPLR 3025 (a) and the last sentence of CPLR 3211 (e). CPLR 3025 (a) allows a party to amend a pleading without leave of court, so long as *800 he does so within 20 days after it is served, before any responsive pleading is due, or within 20 days after a responsive pleading is served. The clear purpose of this is to allow parties to recognize and correct pleading errors without burdening themselves, their opponents or the courts with motion practice.
CPLR 3211 (e) allows a party to respond to a motion to dismiss his pleading for failure to state a cause of action or defense, pursuant to CPLR 3211 (a) (7) or 3211 (b), by requesting leave to plead again. This request may only be granted if the court is satisfied that there is factual merit to the proposed amended pleading, and it may require the pleader to submit evidence in support of the request.
Here, the defendant requested and received an extension of time to respond or move with respect to the complaint. On the last day of the extension period, defendant moved to dismiss the complaint, for failure to state a cause of action. It claimed that the complaint failed to allege a brokerage relationship. Three days later, the plaintiff served an amended complaint, which was clearly tailored to meet the objections stated by the defendant in its motion. Plaintiff contends that this amendment was available as of right under CPLR 3025 (a), and that this motion is moot.
Defendant has rejected this amended complaint, and presses its motion to dismiss. It takes the position that once it has moved to dismiss, the amendment as of right is no longer available, and plaintiff must meet the more stringent test of CPLR 3211 (e). Since the plaintiff has not attempted to convince the court of the underlying factual merit of the amended complaint, defendant strongly urges that it should be ignored, and the action dismissed due to the insufficiency of the original complaint.
CPLR 3211 (e) should not be read so as to obviate the availability of an amendment as of right under CPLR 3025 (a). To do so would be to frustrate the intent of CPLR 3025 (a) to allow some leeway to a pleader who acts expeditiously to correct his pleading. None of the cases or authorities which have considered the question support the defendant’s position, all holding that the amendment as of right remains available. (Matter of D’Addario v McNab, 73 Misc 2d 59; Lipary v Posner, 96 Misc 2d 578; Taylor v Haddad Corp., 118 Misc 2d 253; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.07; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book *801 7B, CPLR C3211:65, at 70.) Here, the defendant’s motion to dismiss had the effect of extending its time to answer the complaint (CPLR 3211 [f]) and thus the plaintiff’s amendment was timely. The plaintiff was not required to obtain leave of court before serving the amended complaint.
The real question is the effect the amended pleading has on the pending motion. It has been held that the motion "abates”, that is, that it must automatically be denied as moot since it refers to a pleading which has been superseded. (Lipary v Posner, 96 Misc 2d 578, supra.) This approach, which only invites additional motion practice, should be restricted to those situations where the amendments make a significant change in the nature of the action.
Otherwise, the better rule is one which allows the moving party the option of withdrawing its motion or pressing it with regard to the amended pleading. (Matter of D’Addario v McNab, 73 Misc 2d 59, supra; Taylor v Haddad Corp., 118 Misc 2d 253, supra; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:65, at 70.) This evaluation should be made on the same footing as any motion under CPLR 3211 (a) (7), without any special evidentiary requirements.
Here, the amended complaint clearly states a cause of action. While it fails to specify all of the details of the alleged agreement between the parties, it does allege a brokerage agreement and that plaintiff was the "procuring cause” of the sale. The remaining details may be fleshed out by a bill of particulars. Defendant’s attempt to controvert the underlying facts of the complaint are ineffective, since defendant submits only the affirmation of its vice-president and general counsel, who does not appear to have personal knowledge of the facts. Having amended the complaint as of right, the plaintiff is not subject to a one-sided burden of submitting evidence in support of its claims.