OPINION OF THE COURT
Alfred M. Lama, J.
This court has before it what would appear to be a case of first impression regarding the interpretation of Labor Law § 740 (7). At least, there are no reported cases directly on point. The motion brought by defendant, John T. Mather Memorial Hospital, seeks dismissal of 2 of 3 causes of action pleaded by plaintiff, Hortensia Gonzalez.
Ms. Gonzalez (hereinafter Gonzalez) was hired as a "Data *1083 Processing Manager” by defendant (hereinafter Hospital) pursuant to a letter dated October 3, 1988 signed by one Frank T. Lettera, C.P.A., the vice-president — finance of defendant Hospital. There was no length óf contract specified so the employment was "at will” commencing October 31, 1988. The letter did specify that there was a standard three-month probationary period for all new employees. On or about January 9, 1984 the employment was terminated by defendant and plaintiff instituted this action approximately one year later.
The original complaint, although not divided into separate causes, demands relief for what amounts to three distinct theories, to wit: (1) common-law breach of contract, (2) violation of Executive Law § 296 (Human Rights Law), and (3) Labor Law § 740. Defendant, on the assumption that it was dealing with three causes of action, moved prior to answering pursuant to CPLR 3211 (a), for dismissal of the first two based upon the provisions of Labor Law § 740 (7) which states in part: "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law.”
After the defendant had so moved, plaintiff served an amended complaint eliminating any claim under Labor Law § 740 and cross-moved for leave to replead if this court were to hold for defendant and not find the motion-in-chief to be moot because of the service of the amended pleading.
Clearly the literal interpretation of the quoted verbiage of section 740 (7) would preclude any causes of action for breach of contract and violation of the Human Rights Law which arose out of the same acts. However, plaintiff argues that the Practice Commentaries authored by Richard A. Givens (McKinney’s Cons Laws of NY, Book 30, Labor Law § 740, at 577 et seq.) should be accepted and as a result, this court should rule that any election of remedies should be postponed and not required at the point of commencement of an action. The plaintiff further argues that the use, by the Legislature, of the word "institution” rather than the word "commencement” as used in CPLR 304, shows that a distinction between the two was intended. However, this court rejects that latter argument and holds that the two words, at least in this context, are interchangeable (see, Black’s Law Dictionary 335, 940 [4th ed]). Therefore, this court holds further that absent other circumstances, the commencement of an action under Labor Law *1084 § 740 precludes any other action by the same plaintiff under any other theory of liability.
Be that as it may, the plaintiff has done two things to attempt to protect herself from such a harsh result. She has requested leave to replead if the motion is granted under CPLR 3211 and she has served an amended complaint. First, let us determine under what paragraph of CPLR 3211 (a) the defendant’s motion was made. None is specified. Perhaps a motion for summary judgment under CPLR 3212 might have been more appropriate. However, since the motion was made under CPLR 3211 (a), the court has reviewed that rule and concludes that the provision which would apply the closest to the facts herein is in paragraph (5) where it uses the term "release” since a waiver might be considered a release of the opposing party’s liabilities or a release of the waiving party’s rights.
Assuming, arguendo, that the court sees fit to dismiss based on that ground, what would be the effect of leave to replead under CPLR 3211 (e)? Labor Law § 740 (7) uses the phrase "institution of an action” which under CPLR 304 took place herein upon the service of the summons which was served with the complaint and which alone does not contain any notice of the causes of action being interposed. There are no causes of action stated or even alluded to anywhere other than in the complaint. Therefore, if the complaint falls, no cause of action has been instituted and, upon service of an amended complaint, the amendment would become the only complaint in the action. Furthermore, the action would have to proceed on the assumption that the amended complaint is the only complaint in the action (Hawley v Travelers Indent. Co., 90 AD2d 684 [4th Dept 1982]). This court, in light of the nature of the drafting of the original complaint, the harsh result that an outright dismissal might bring, and the fact that CPLR 3211 may not be a proper statute to base this motion upon, would be inclined to allow plaintiff to replead.
However, plaintiff, in reliance upon the provisions of CPLR 3025, has served an amended complaint which, she claims, makes the motion-in-chief moot. This court agrees. In fact, it has been held that the motion to dismiss actually abated upon the service of the amended pleading (Ross v Davis, 83 NYS2d 85 [Sup Ct, NY County 1948], affd 274 App Div 925 [1st Dept 1948]).
Regardless of which route this court were to follow, an *1085 amended pleading would be the result. This court does find, however, that the motion was abated by the service of the amended complaint and the motion then became moot. Furthermore, in light of that ruling, the cross motion becomes moot.
Ordered that both the motion and cross motion now pending herein are denied.