■ S.M. PIRES et al., Respondents, v FROTA OCEANICA BRASILEIRA, S. A., et al., Defendants, and GALVESTON, BOARD OF TRUSTEES OF GALVESTON WHARVES, et al., Appellants. [625 NYS2d 13] —Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about June 3, 1993, which, to the extent appealed from, denied defendants' motion for summary judgment, unanimously reversed, on the law, and the motion to dismiss granted, without costs.

The IAS Court erred in failing to hold that the March 13, 1981 dismissal of the Texas Federal court action for plaintiffs' failure to prosecute precluded the instant action, since Federal Rules of Civil Procedure, rule 41 (b) permits such dismissal to operate as an adjudication upon the merits.

The Second Circuit appeal pending at the time of the Texas dismissal, and purported by plaintiffs to bar such dismissal, in fact had no such effect. Plaintiffs appealed the denial of their motion pursuant to Federal Rules of Civil Procedure, rule 41 (a) (2) for voluntary dismissal of the action which, prior to the motion, had been transferred from the Southern District of New York to the Southern District of Texas, Galveston Division. Inasmuch as the denial of dismissal was an unappealable interlocutory order *(see,* 28 USC § 1291; *CES Publ. Corp. v St. Regis Publs.,* 531 F2d 11, 15; *Paturzo v Home Life Ins. Co.,* 503 F2d 333, 336), the appeal was a nullity and not a bar to dismissal of the action by the Texas Federal District Court *(see, Century Laminating v Montgomery,* 595 F2d 563, 567, *cert granted* 444 US 897, *cert dismissed* 444 US 987; *Trice v Commercial Union Assur. Co.,* 334 F2d 673, 676, *cert denied* 380 US 915).

The failure to prosecute was manifest here. Plaintiffs' counsel, with his clients' apparent support, had strongly indicated that the case would not be prosecuted in the Texas venue and that intention was supported by the record, including counsel's well-documented, repeated, contumacious conduct to that effect.

Since the parties and claims in the instant matter are

unquestionably the same as those which were involved in the Texas matter, the IAS Court should have applied principles of res judicata and granted defendants' motion to dismiss. In view of our holding on this issue, we need not reach the merits of the other issues raised on this appeal. Concur— Sullivan, J. P., Rosenberger, Kupferman and Williams, JJ.