■ GRAUBARD MOLLEN HOROWITZ POMERANZ & SHAPIRO, Appellant, v 600 THIRD AVENUE ASSOCIATES, Respondent. [650 NYS2d 207] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered May 9, 1996, which, *inter alia*, directed plaintiff to pay to defendant directly a sum equal to 75% of the rent invoiced for May 1996 and to deposit the remainder into the escrow account previously established by the parties; and order of the same court and Justice entered July 9, 1996, which, *inter alia*, directed that beginning June 5, 1996 and continuing pendente lite plaintiff pay to defendant directly a sum equal to 75% of the monthly invoiced rent and deposit the remaining 25% in the escrow account, and beginning June 1996 and continuing each successive calendar month pendente lite, there be released monthly to defendant from said escrow account the sum of $109,000, unanimously affirmed, with one bill of costs.

The court properly exercised its discretion in modifying the condition upon which plaintiff was granted a *Yellowstone* injunction to require payment of partial use and occupancy (*see, e.g., 61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp.*, 173 AD2d 372, *lv dismissed* 78 NY2d 1123). The initial

agreement that plaintiff claims to be a stipulation was never reduced to writing or "so ordered" by the court and no payments were made to an escrow account at that time. In any event, the court would have power to modify any prior arrangement based upon the showing of mistake (*see, Matter of Frutiger*, 29 NY2d 143, 150); it was initially assumed that the matter would be expeditiously determined in a few months in Housing Court and instead has dragged on for a period of close to three years.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin, Ross and Mazzarelli, JJ.