■ S.M. PIRES et al., Respondents, v FROTA OCEANICA BRASILEIRA, S. A., Appellant, et al., Defendants. [659 NYS2d 26] —Judg-

ment, Supreme Court, New York County (Edward Greenfield, J.), entered May 30, 1995, which, after a jury trial, awarded plaintiffs $4 million consequential damages, $1 million loss of consortium and $16 million punitive damages, plus interest and costs, unanimously modified, on the law, to the extent of vacating the award of punitive damages and loss of consortium damages, dismissing said claims, and remanding the matter for an award, if the trial court is so advised, of attorney's fees to plaintiffs, and otherwise affirmed, without costs.

We previously held in *Public Adm'r of County of N. Y. v Frota Oceanica Brasileira* (222 AD2d 332, *lv dismissed* 88 NY2d 920) that damages for nonpecuniary loss are unavailable under general maritime law, and that punitive damages are nonpecuniary damages such that punitive damages are also unavailable under general maritime law. It is now settled that, given the primacy of the concern for uniformity of maritime law as expressed in *Miles v Apex Mar. Corp.* (498 US 19), a plaintiff in a maintenance and cure case cannot obtain punitive damages (*see, Guevara v Maritime Overseas Corp.*, 59 F3d 1496), and damages for loss of consortium are also unavailable (*see, Ellender v Graham & Co.*, 821 F Supp 1136). In light of the vacatur of the punitive damages award, the trial court may wish to consider an award of attorney's fees to plaintiffs (*see, Paris v Waterman S. S. Corp.*, 218 AD2d 561, 565, *appeal withdrawn* 87 NY2d 860; *Glynn v Roy Al Boat Mgt. Corp.*, 57 F3d 1495, 1501, *cert denied* 516 US 1046). We have considered defendant-appellant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Williams and Tom, JJ.