■ S.M. PIRES et al., Plaintiffs, v FROTA OCEANICA BRASILEIRA, S. A., Appellant, and GALVESTON WHARVES, Doing Business as PORT OF GALVESTON, et al., Respondents, et al., Defendants. [659 NYS2d 25] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about April 5, 1996, which granted defendants-respondents' motion to vacate a judgment of same court and Justice entered on or about May 19, 1995 against them and in favor of defendant-appellant, unanimously affirmed, without costs.

Although in *Pires v Frota Oceanica Brasileira* (214 AD2d 306) we held that plaintiffs' action against defendants-respondents herein was to be dismissed on the ground of res judicata, defendant-appellant argues that the earlier fact finding in the main action against defendants-respondents should be binding as to defendant-appellant's claim against them for indemnification on its liability to plaintiffs for maintenance

and cure (*see, Pires v Frota Oceanica Brasileira*, 240 AD2d 323 [decided herewith]). The IAS Court properly rejected this contention in the present circumstances because the judgment in favor of plaintiffs was the basis for the judgment on the indemnification cross-claim (*cf., Springer v Clark Publ. Co.*, 191 AD2d 922, *lv dismissed* 82 NY2d 706). Further, the trial court conceded it was mistaken as to the nature of defendant-appellant's stipulation with defendants-respondents and that that misunderstanding was incorporated into the resulting judgment, so as to warrant vacatur thereof (*see, Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assocs.*, 234 AD2d 49). We have considered defendant-appellant's remaining argument and find it to be without merit. Concur—Sullivan, J. P., Milonas, Williams and Tom, JJ.