■ STS MANAGEMENT DEVELOPMENT, INC., et al., Appellants, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [678 NYS2d 772] —In an action to recover damages pursuant to 42 USC § 1983 for the violation of their constitutional rights, the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (Kitson, J.), dated December 17, 1997, which,

upon determining that certain causes of action were barred by law of the case, denied, in part, their motion to compel the defendants to accept service of their proposed verified amended complaint.

Ordered that the order is reversed insofar as appealed from, with costs, the plaintiffs' motion is granted in its entirety, and the defendants are directed to accept service of the verified amended complaint in the form contained in the record on appeal; and it is further,

Ordered that the plaintiffs' time to serve the verified amended complaint is extended until 10 days after service upon the defendants of a copy of this decision and order with notice of entry.

The Supreme Court improperly found that the plaintiffs could not amend their verified complaint "as of right". CPLR 3025 (a) allows a party to amend a pleading as of right within 20 days after a responsive pleading is served (see, CPLR 3025 [a]). The defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) extended the defendants' time to answer (see, CPLR 3211 [f]) and thus extended the time in which the plaintiffs could amend their complaint as of right (see, CPLR 3025 [a]; Sholom & Zuckerbrot Realty Corp. v Coldwell Banker Commercial Group, 138 Misc 2d 799). The plaintiffs were also entitled to an additional five days since the defendants served the answer by mail (see, CPLR 2103 [b] [2]). Inasmuch as the plaintiffs amended the complaint within 25 days after the answer was served, the amendment was "as of right" and the defendants were not entitled to reject the pleading (see, CPLR 3025 [a]).

We further disagree with the Supreme Court's determination regarding the doctrine of the law of the case. While we conclude that the plaintiffs are entitled to serve their amended complaint as of right in its entirety, we do not pass on the merits of the plaintiffs' pleadings.

The respondents' remaining contentions are without merit. Rosenblatt, J. P., Miller, Goldstein and McGinity, JJ., concur.