(November 27, 2001)

■ S.M. PIRES et al., Respondents, v FROTA OCEANICA BRASILEIRA, S.A., Appellant, et al., Defendants. [733 NYS2d 395] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered on or about January 21, 1999, which awarded counsel fees in the sum of $5.4 million, plus interest, to plaintiffs' attorney, unanimously reversed, on the law and the facts, without costs, the judgment vacated, plaintiffs awarded as against defendant Frota Oceanica Brasileira the amount of counsel fees for which plaintiffs were obligated to counsel, and the matter remanded for further proceedings.

When a defendant shipowner callously fails, upon demand, to provide maintenance and cure to an injured seaman, the plaintiff seaman, in addition to compensatory damages, also may seek recovery of attorneys' fees (*Kraljic v Berman Enters.*, 575 F2d 412, 414). This action was previously remanded by this Court for an award of counsel fees to plaintiffs "if the trial court is so advised" (240 AD2d 323, 324). As we explained, while a plaintiff in a maintenance and cure case is not entitled to punitive damages, "[i]n light of the vacatur of the punitive damages award, the trial court may wish to consider an award of attorney's fees *to plaintiffs* (*see, Paris v Waterman S.S. Corp.*, 218 AD2d 561, 565, *appeal withdrawn* 87 NY2d 860; *Glynn v Roy Al Boat Mgt. Corp.*, 57 F3d 1495, 1501, *cert denied* 516 US 1046)" (at 324 [emphasis added]).

However, on remand, the court obviously misconstrued our order by entering judgment for counsel, who presumably will already have received a contingency fee or the benefit of some other fee arrangement. This was not our intent, rather our clear intent was for plaintiffs to receive any new award. The award of counsel fees which we contemplated was not intended to confer a benefit on counsel or to increase counsel's own recompense under his contractual fee arrangement with plaintiffs. Our goal was to relieve plaintiffs, who endured years of delays, during which plaintiff seaman was callously deprived of maintenance and cure, of responsibility for counsel fees and to shift that responsibility to defendant as a consequence of its dilatory tactics. Hence, we direct judgment in favor of plaintiffs, payable by defendant directly to plaintiffs and not to counsel, in a sum equal to the amount of counsel fees charged to plaintiffs and, presumably, already paid.

Defendant, in now challenging the propriety of awarding attorney fees in a maintenance and cure action, is endeavoring to relitigate an issue that has already been determined against it by this Court and we decline to revisit our prior holding. Concur—Sullivan, P. J., Rosenberger, Tom, Andrias and Marlow, JJ.