■ S.M. PIRES et al., Appellants, v FROTA OCEANICA BRASILEIRA, S.A., Respondent, et al., Defendants. [776 NYS2d 244]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered December 5, 2002, which referred to a referee plaintiffs' obligation to counsel for attorney's fees, unanimously affirmed, without costs. Order, same court and Justice, entered on or about February 24, 2003, which referred to a referee the issue of counsel's entitlement to supplemental fees, unanimously affirmed, without costs. Order, same court and Justice, entered June 25, 2003, which maintained that a hearing was necessary, unanimously affirmed, without costs. Order, same court and Justice, entered September 18, 2003, which denied plaintiffs' motion denominated as one for summary judgment, unanimously affirmed, without costs. Appeal from orders, same court and Justice, entered July 28 and November 25, 2003, which refused to rule on defendant Frota Oceanica Brasileira's show-cause order to nullify the referee's hearing stemming from the December 5, 2002 order of reference, unanimously dismissed,

without costs, as moot. Orders, same court and Justice, entered July 28 and November 25, 2003, which, inter alia, stayed all depositions pending resolution of a fee dispute between counsel and another attorney, during which period the court would inquire of the Departmental Disciplinary Committee concerning any matters that might be pending against counsel, unanimously affirmed, without costs. Order, same court and Justice, entered November 25, 2003, insofar as it refused to award supplemental attorneys' fees to plaintiffs without a hearing, unanimously affirmed, without costs. Order, same court and Justice, entered December 15, 2003, insofar as it refused to award plaintiffs supplemental attorneys' fees without a hearing, unanimously affirmed, without costs. Order, same court, and Justice entered December 24, 2003, in which Justice Cahn recused himself and referred the case for reassignment, unanimously affirmed, without costs. Order, same court and Justice, entered January 12, 2004, in which Justice Cahn, in reiterating his recusal, referred the matter to the Commercial Division Support Office for reassignment, unanimously affirmed, without costs.

Plaintiffs' challenge to the referral is unpersuasive. The record reflects that "the amount of counsel fees for which plaintiffs were obligated to counsel" (*see* 288 AD2d 126 [2001], *lv dismissed* 98 NY2d 692 [2002]) cannot be determined without a fact-finding process, which is here best left to a referee. Plaintiffs' initial papers failed to substantiate the $4.93 million they were seeking for this purpose from Frota. Although their "summary judgment" motion finally provided some basis for their claim, that figure had dropped to $4.16 million. The record additionally indicates that plaintiffs had also been charged $11,000 for disbursements, which have not yet been itemized.

Frota argues for the first time on appeal that the retainer agreement violates this Court's rule on contingency fees (22 NYCRR 603.7 [e] [1]), governing "any claim or action for personal injury or wrongful death, other than one alleging medical, dental or podiatric malpractice." Plaintiffs argue that rule is inapplicable in a maritime action for consequential damages arising from a contractual obligation; however, the original complaint contained claims which, albeit subsequently dismissed, alleged personal injury. Plaintiffs' failure to include a copy of the contingency agreement in the record presents yet another basis for referring this matter to a referee.

Frota argues that plaintiffs may only be awarded attorneys' fees for the cause of action and award for past maintenance and cure, which would limit the recovery to $61,000. However, that issue has already been decided, and Frota is barred from chal-

lenging it anew (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343 [1999]). Concur—Nardelli, J.P., Andrias, Sullivan and Lerner, JJ.