■ KENNETH HELLER et al., Appellants, v FROTA OCEANICA E AMAZONICA, S.A., as Successor to FROTA OCEANICA BRASILEIRA, S.A. et al., Respondents. [920 NYS2d 86]—

In an action, inter alia, to recover an attorney's fee, the plaintiffs appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated December 17, 2007, which denied their motion, among other things, pursuant to CPLR 6201 to attach an appeal bond issued by the defendant United States Fi-

delity and Guaranty Company, as successor to St. Paul Fire and Marine Insurance Company, and filed by the defendant Frota Oceanica E Amazonica, S.A., as successor to Frota Oceanica Brasileira, S.A., in the action entitled *S.M. Pires v Frota Oceanica Brasileira, S.A.*, commenced in the Supreme Court, New York County, under index No. 23829/76, and granted those branches of the defendants' cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendants Omnium Agencies, Inc., and United States Fidelity and Guaranty Company, as successor to St. Paul Fire and Marine Insurance Company, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Frota Oceanica E Amazonica, S.A., as successor to Frota Oceanica Brasileira, S.A., for lack of jurisdiction.

Ordered that the order is affirmed, with costs.

This action is related to a maintenance and cure action commenced by S.M. Pires and his wife Virginia (hereinafter together the Pireses) in 1976 against, among others, Frota Oceanica Brasileira, S.A., predecessor to Frota Oceanica E Amazonica, S.A. (hereinafter Frota), in the Supreme Court, New York County, to recover damages arising from injuries suffered by S.M. Pires while employed as a seaman (hereinafter the underlying action). In the underlying action, the Pireses were represented by the plaintiffs Kenneth Heller and his firm Kenneth Heller, P.C. (hereinafter together Heller). In May 1995, a judgment was entered against Frota awarding the Pireses $4 million in consequential damages, $1 million in loss of consortium damages, and $16 million in punitive damages, plus interest and costs. Thereafter, Frota appealed and filed an appeal bond in the sum of $32,983,181.59, issued by St. Paul Fire and Marine Insurance Company.

On appeal, the Appellate Division, First Department, modified the judgment by vacating the awards for loss of consortium and punitive damages (*see Pires v Frota Oceanica Brasileira*, 240 AD2d 323 [1997]). The Appellate Division also remitted the underlying action to the Supreme Court for consideration of an award of an attorney's fee to the Pireses (*see id.*). In 1999, the Supreme Court, New York County, entered judgment awarding an attorney's fee to Heller in the principal sum of $5.4 million. On appeal by Frota, the Appellate Division reversed that judgment, and directed that a judgment be entered in favor of the Pireses, payable by Frota in a sum equal to the amount of attorney's fees charged to and "presumably" already paid by them (*see Pires v Frota Oceanica Brasileira*, 288 AD2d 126 [2001]). In

2002 and 2003, the Supreme Court, New York County, entered orders directing that the amount of attorney's fees paid by the Pireses to Heller and Heller's entitlement to supplemental attorney's fees be determined by a referee. In 2004, the Appellate Division affirmed the orders referring these issues to a referee (*see Pires v Frota Oceanica Brasileira*, 7 AD3d 270 [2004]). In 2006, the underlying action was transferred to the Supreme Court, Bronx County. Following the transfer of the action, no judgment for attorney's fees has been entered against Frota.

In December 2006 Heller commenced this action against Frota, Omnium Agencies, Inc. (hereinafter OAI), and United States Fidelity and Guaranty Company, as successor to St. Paul Fire and Marine Insurance Company (hereinafter USFGC), in the Supreme Court, Kings County, seeking, inter alia, to recover a supplemental attorney's fee, and maritime or preverdict interest on these fees allegedly due to him in the underlying action. Heller moved, among other things, pursuant to CPLR 6201 to attach the appeal bond filed in the underlying action in order to obtain jurisdiction over Frota. The defendants cross-moved pursuant to CPLR 3211 (a) (4), (7) and (8) to dismiss the complaint, or alternatively, pursuant to CPLR 503 to change venue to the Supreme Court, Bronx County. In an order dated December 17, 2007, the Supreme Court denied Heller's motion, inter alia, for an order of attachment and granted those branches of the defendants' cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against OAI and USFGC and that branch of their cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against Frota for lack of jurisdiction. Heller appeals.

Contrary to Heller's contentions, the Supreme Court properly denied his motion, inter alia, to attach the appeal bond filed in the underlying action, since the appeal bond was not a debt or property which could be subject to attachment (*see* CPLR 6202, 5201). Pursuant to the appeal bond, USFGC agreed to be answerable for the debt of Frota, the 1995 judgment in favor of the Pireses in the underlying action, in the event Frota defaulted in making payment pursuant to the 1995 judgment. Moreover, USFGC's obligation on the appeal bond securing the judgment in the underlying action runs to the Pireses, and not to Frota. In essence, the appeal bond is not a debt owed to Frota, but security for a debt owed by Frota to the Pireses.

Heller's reliance upon *Beja v Jahangiri* (453 F2d 959 [1972]) and *O'Connor v Lee-Hy Paving Corp.* (437 F Supp 994 [1977], *affd* 579 F2d 194 [1978], *cert denied sub nom. Gillespie v Schwartz*, 439 US 1034 [1978]) is unavailing. In those cases, it

was determined that the obligation of an insurer to indemnify or defend its insured was a debt capable of being attached. Here, however, USFGC has no obligation to indemnify or defend Frota under the appeal bond. Moreover, the appeal bond is a contingent obligation not certain to become due, since at the time of Heller's motion, there was no outstanding judgment for attorney's fees against Frota (*see generally Glassman v Hyder*, 23 NY2d 354 [1968]).

Heller's contention that the appeal bond is a future, nonvested interest which is attachable property is also unavailing. In this regard, Heller has not demonstrated that the appeal bond is assignable or transferable property as required by CPLR 5201 (b) (*see generally Alliance Bond Fund, Inc. v Grupo Mexicano De Desarrollo, S.A.*, 190 F3d 16, 24 [1999]). In any event, since there is no judgment in Heller's favor for an attorney's fee, he has also failed to show a probability of success on the merits of his claims (*see Shisgal v Brown*, 3 AD3d 434 [2004]; *Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp.*, 118 AD2d 769, 774 [1986]). Consequently, the Supreme Court properly denied his motion, inter alia, for an attachment of the appeal bond.

Moreover, Heller failed to establish jurisdiction over Frota by service of process upon its purported agent OAI. Here, the process server served Kevin Byrne, a former employee of OAI, whom Heller identified to the process server as a responsible person "acting on behalf of [OAI] and [OAI's] client [Frota]," at his home, and there is no evidence that Byrne was an officer, director, managing or general agent, cashier, or an agent authorized by appointment to accept service on Frota's behalf (*see* CPLR 311 [a] [1]). Accordingly, jurisdiction was never obtained over Frota, and the Supreme Court properly granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against Frota for lack of jurisdiction.

The Supreme Court also properly dismissed the complaint insofar as asserted against USFGC and OAI for failure to state a cause of action. Bare legal conclusions and factual claims which are flatly contradicted by documentary evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action (*see Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530 [2007]; *Garber v Board of Trustees of State Univ. of N.Y.*, 38 AD3d 833, 834 [2007]). In the complaint, Heller asserted causes of action against USFGC based upon its status as the surety on the appeal bond issued in the underlying action. Although a judgment for an attorney's fee was entered

in 1999, that judgment was reversed on appeal (*see Pires v Frota Oceanica Brasileira*, 288 AD2d 126 [2001]). The record also demonstrates that the issue of attorney's fees and supplemental attorney's fees was referred to a referee and that there is no final judgment entered against Frota awarding an attorney's fee (*see Pires v Frota Oceanica Brasileira*, 7 AD3d 270 [2004]). Additionally, as a surety, USFGC only has secondary liability for a judgment entered against Frota and its liability will not accrue until the principal obligor, Frota, has first defaulted (*see General Phoenix Corp. v Cabot*, 300 NY 87, 95 [1949]; *Midland Steel Warehouse Corp. v Godinger Silver Art*, 276 AD2d 341, 343 [2000]; *Shire Realty Corp. v Schorr*, 55 AD2d 356, 359-360 [1977]). Since there is no outstanding judgment against Frota, USFGC has no liability under the appeal bond and Heller failed to state a cause of action against USFGC.

As against OAI, Heller's only allegation is that OAI was the exclusive North American steamship agent for Frota and that OAI was authorized to accept service of process for Frota. However, Heller has not alleged facts to demonstrate OAI's potential liability for a judgment against Frota awarding an attorney's fee. In this regard, "attorneys' fees may not be awarded in the absence of a statute expressly authorizing their recovery, or an agreement or stipulation to that effect by the parties" (*Feeney v Licari*, 131 AD2d 539, 540 [1987]). Here, Heller does not allege that there is any statute or agreement requiring OAI to answer for any debt of Frota. Moreover, the 1995 judgment in the underlying action was against Frota, and not against OAI.

Heller's remaining contentions are without merit or improperly raised for the first time on appeal. Covello, J.P., Chambers, Lott and Cohen, JJ., concur. **[Prior Case History: 18 Misc 3d 1103(A), 2007 NY Slip Op 52387(U).]**