■ VIRGINIA PIRES, by and through a Domestic Relations Agreement with Her Husband, S.M. Pires, Appellant, v FROTA OCEANICA E AMAZONICA, S.A., as Successor to FROTA OCEANICA BRASILEIRA, S.A., et al., Respondents. [918 NYS2d 498]—In an action, inter alia, to recover an attorney's fee, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated June 25, 2008, which granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendants Omnium Agencies, Inc., and United States Fidelity and Guaranty Company, as successor to St. Paul Fire and Marine Insurance Company, and that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Frota Oceanica E Amazonica, S.A., as successor to Frota Oceanica Brasileira, S.A., for lack of jurisdiction, and denied her cross motion for partial summary judgment.

Ordered that the order is affirmed, with costs.

The background facts are set forth in the decision and order of this Court in the companion action (*see Heller v Frota Oceanica E Amazonica, S.A.*, 81 AD3d 894 [2011] [decided herewith]).

The plaintiff, Virginia Pires, the former wife of S.M. Pires, commenced this action seeking, inter alia, to recover 50% of an attorney's fee awarded to her and S.M. Pires in a 1976 maintenance and cure action commenced in the Supreme Court, New York County (hereinafter the underlying action). The attorney's fee award had been determined in a Florida divorce action to be a marital asset subject to equitable distribution. The defendants Frota Oceanica E Amazonica, S.A., as successor to Frota Oceanica Brasileira, S.A. (hereinafter Frota), Omnium Agencies, Inc. (hereinafter OAI), and United States Fidelity and Guaranty Company, as successor to St. Paul Fire and Marine Insurance Company (hereinafter USFGC), moved pursuant to CPLR 3211 (a) (4), (7), (8) and (9) to dismiss the complaint, or alternatively, pursuant to CPLR 503 to change venue to the

Supreme Court, Bronx County, and the plaintiff cross-moved for partial summary judgment on her causes of action for an attorney's fee and preverdict interest. In an order dated June 25, 2008, the Supreme Court granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against OAI and USFGC and that branch of their cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against Frota for lack of jurisdiction, and denied the plaintiff's cross motion.

For the reasons set forth in our decision and order in the companion action, the Supreme Court properly granted those branches of the defendants' motion which were to dismiss the complaint (*see Heller v Frota Oceanica E Amazonica, S.A.*, 81 AD3d 894 [2011] [decided herewith]).

In light of our determination, the plaintiff's contentions regarding the denial of her cross motion for partial summary judgment have been rendered academic. Covello, J.P., Chambers, Lott and Cohen, JJ., concur. **[Prior Case History: 20 Misc 3d 1108(A), 2008 NY Slip Op 51280(U).]**