OPINION OF THE COURT
Carolyn E. Demarest, J.
Plaintiff moves to strike defendant’s amended answer with counterclaims claiming it was not timely filed pursuant to CPLR 3025 (b) and for the award of costs and attorney’s fees associated with this motion and sanctions pursuant to 22 NYCRR 130-1.1.
Background
Plaintiff commenced this action by filing a verified complaint on January 6, 2010 and it was served upon the defendant on March 12, 2010. On April 8, 2010, plaintiff and defendant entered a stipulation to extend defendant’s time to answer the complaint until June 1, 2010. On June 10, 2010, defendant served a verified answer with counterclaims (answer), which was accepted. On June 30, plaintiff served a notice of motion to dismiss the defendant’s counterclaims pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, made returnable on July 23, 2010.* Prior to the return date on the motion, on July 20, 2010, defendant’s counsel e-mailed and mailed an amended verified answer with counterclaims (amended answer) to plaintiff’s counsel. In e-mail correspondence between the attorneys on July 20, 2010, defendant’s counsel indicated that pursuant to CPLR 3025 (a), defendant had the right to amend its answer as the “motion to dismiss is a pleading responding to *617 [the defendant’s] Answer with Counterclaims, giving us 20 days [from] the service of your motion to dismiss to make an amendment.” Plaintiffs counsel responded that he disagreed and was “considering [the motion to dismiss] unopposed at th[e] time.” Two days before the adjourned date of the motion, on July 26, 2010, plaintiff mailed a letter rejecting the amended answer noting that “[t]he time for defendant to serve an amended answer as of right ha[d] expired.”
On July 28, 2010, counsel appeared for oral argument on the motion to dismiss the defendant’s counterclaims. Defendant did not serve written opposition to the motion. At oral argument, defendant’s counsel claimed that the amended answer had the effect of “mooting] out the motion to dismiss.” This court afforded the defendant the opportunity to adjourn the motion to submit opposition so the issue could properly be addressed and, in response, defendant indicated that he “[took] no opposition to the motion to dismiss a pleading that has been amended” and expressly consented to the dismissal of the counterclaims as originally pleaded. This court noted that “[defendant’s] failure to serve any papers responsive [to the motion] is causing a lot of inconvenience not only to plaintiff but to the Court and in having to deal with an argument that was not presented to the Court in advance of your standing up here in this courtroom.” Defendant orally cited STS Mgt. Dev. v New York State Dept. of Taxation & Fin. (254 AD2d 409 [2d Dept 1998]), for the proposition that plaintiffs motion to dismiss extended the time in which the defendant could amend his answer as of right. This court noted that, based on the defendant’s lack of written response including a copy of the amended answer, a second motion would be necessary to address the sufficiency of the amended answer and counterclaims and “[w]hether or not there should have been leave to amend will remain an open question.” Plaintiffs motion to strike the counterclaims in the answer was granted based on defendant’s express consent.
Plaintiff brought the present motion seeking to strike the amended answer arguing that the amended answer was untimely filed, without leave of the court, approximately 40 days after the answer was filed. Plaintiff contends that when the plaintiff moved to dismiss the counterclaims in the answer, defendant should have cross-moved, pursuant to CPLR 3025 (b), for leave to serve an amended answer which requires a presentation of “evidence to support the merits of the proposed counterclaims and the Court must examine their sufficiency.” *618 Plaintiff seeks attorney’s fees, costs and sanctions for having to make a second motion to address the viability of defendant’s pleadings. Plaintiff did not move in the alternative to dismiss the amended answer for failure to state a cause of action or upon any other grounds pursuant to CPLR 3211.
Defendant argues that plaintiffs original motion to dismiss defendant’s counterclaims pursuant to CPLR 3211 (a) (7) extended plaintiffs time to serve a responsive pleading to the counterclaims in the answer pursuant to CPLR 3211 (f) and, therefore, also extended the defendant’s time to amend his pleading without leave pursuant to CPLR 3025 (a). Defendant argues that, because the amended answer was properly served within this extended period pursuant to CPLR 3025 (a), the original answer “had no further force and effect due to the filing of the Amended Answer on July 20, 2010.”
Discussion
Pursuant to CPLR 3025 (a), “[a] party may amend his pleading once without leave of court within twenty days after its service, or at any time before the period for responding to it expires, or within twenty days after service of a pleading responding to it.” However, under CPLR 3211 (f), “[sjervice of a notice of motion under subdivision [3211] (a) or (b) before service of a pleading responsive to the cause of action or defense sought to be dismissed extends the time to serve the pleading until ten days after service of notice of entry of the order.”
A motion to dismiss extends the movant’s time to answer and thus extends the time in which the opposing party may amend his pleading as of right (CPLR 3025 [a]; see Johnson v Spence, 286 AD2d 481, 483 [2d Dept 2001]; STS Mgt. Dev. v New York State Dept. of Taxation & Fin., 254 AD2d 409, 410 [1998]). Therefore, plaintiff’s contention that defendant was required to move pursuant to CPLR 3025 (b) for leave to amend the answer is unavailing. However, courts have diverged on the effect of the service of an amended pleading upon a pending motion to dismiss. While some courts have held that the amended pleading resulted in the motion being abated, “[o]ther courts have held that the amended pleading should be included in [the] record on the pending motion, and that it should be granted or denied based on the sufficiency of the amended pleading” (5-3025 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.07; see Taylor v Haddad Corp., 118 Misc 2d 253, 256 [Sup Ct, Special Term, NY County 1983]; Matter of D’Addario v McNab, 73 Misc 2d 59, 62 [Sup Ct, Suffolk County 1973]).
*619 In the Second Department, an amended complaint does not render a motion to dismiss academic and the moving party has the discretion as to whether the motion should be applied to the new pleading (see Livadiotakis v Tzitzikalakis, 302 AD2d 369, 370 [2d Dept 2003], citing Sage Realty Corp. v Proskauer Rose, 251 AD2d 35, 38 [1st Dept 1998] [holding that an amended pleading does not automatically abate a motion to dismiss “that was addressed to the original pleading” and “that the moving party has the option to decide whether its motion should be applied to the new pleadings”] and Matter of D’Addario, 73 Misc 2d at 62 [holding that an amended complaint did not abate a pending motion to dismiss and the court could treat the motion to dismiss as directed to the amended complaint]; see also Sholom & Zuckerbrot Realty Corp. v Coldwell Banker Commercial Group, 138 Misc 2d 799, 801 [Sup Ct, Queens County 1988] [holding “the better rule is one which allows the moving party the option of withdrawing its motion or pressing it with regard to the amended pleading”]). This court concurs that the “better rule” is one that most expeditiously advances the litigation.
Accordingly, defendant’s contention, that service of the amended answer obviated the need to oppose plaintiffs motion, is unavailing. Had defendant submitted a timely response to plaintiffs motion and included the amended answer in the papers, plaintiff would have had the option to withdraw the motion or pursue the motion as applied to the amended answer. Defendant’s refusal to submit opposition to the motion prevented this court from addressing whether the amended answer had been properly served without leave and whether it corrected the alleged deficiencies in the answer and thus delayed the resolution of this matter. Defendant’s counsel’s contention, in e-mail correspondence to plaintiffs counsel prior to the original motion, that the “motion to dismiss is a pleading” was an ineffectual and incorrect statement as a motion to dismiss is clearly not a “pleading” pursuant to CPLR 3011 and did not relieve defendant of his duty to respond to the motion.
Plaintiff notified defendant’s counsel on July 20, 2010, eight days before oral argument on the original motion, that plaintiff was choosing to pursue the motion. Prior to appearing for oral argument, defendant clearly investigated whether a motion to dismiss extended the defendant’s time to amend the answer as defendant cited STS Mgt. at oral argument. While the STS Mgt. decision discusses the extension of the time to amend a *620 pleading, it does not address the effect of service of an amended pleading while a motion to dismiss is pending. However, the Sholom decision, cited and relied upon in STS Mgt., does address this issue, holding that while courts have varied in handling this situation, “the better rule is one which allows the moving party the option of withdrawing its motion or pressing it with regard to the amended pleading” (Sholom, 138 Misc 2d at 801). The defendant’s failure to submit the amended answer in response to plaintiffs original motion to dismiss prevented the plaintiff from exercising this option. Despite numerous indications from plaintiffs counsel that he was treating the motion as unopposed and would pursue the relief requested, more than a week before oral argument, and an additional opportunity offered by this court at oral argument to submit written opposition in support of its position, defendant refused to submit a written response to the motion, thereby deliberately preventing the plaintiff from choosing whether to pursue the motion as applied to the amended answer and necessitating additional motion practice. Such gamesmanship in litigation is found to be frivolous conduct as defined in Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c) (2) as it was clearly undertaken merely to delay or prolong the resolution of the litigation. Not sure which answer would be found to be controlling of the litigation as a result of defendant’s refusal to properly present the issues to the court for determination, plaintiff has been put to the additional expense of this second motion by defendant’s conduct. Accordingly, pursuant to 22 NYCRR 130-1.1 (a), the court grants plaintiffs motion for the costs and reasonable attorney’s fees incurred in having to bring this motion.
Plaintiffs current motion to strike does not seek dismissal of the amended answer pursuant to CPLR 3211 and does not claim any inadequacies in the amended answer. Presumably, therefore, plaintiff has determined that the amended answer cured the defects in the original pleading. Despite defendant’s failure to properly respond to the original motion before this court, defendant was entitled to amend the answer with counterclaims without leave of the court pursuant to CPLR 3025 and 3211 (f) and his amended answer should not be stricken.
Conclusion
Accordingly, plaintiffs motion to strike defendant’s amended answer is denied.
*621 Plaintiff is to serve a responsive pleading to the amended answer and counterclaims within 10 days of the service of this order.
Plaintiffs motion for the costs and reasonable attorney’s fees incurred in bringing this motion is granted pursuant to 22 NYCRR 130-1.1 (a). Plaintiff is directed to submit an order on notice including an attorney’s affirmation containing proof of costs and reasonable attorney’s fees within 30 days of service of this order.

 It is noted that although the motion was served on the defendant on June 30, 2010, the motion was filed on July 12, 2010 and the return date was administratively adjourned to this court’s motion day, July 28, 2010.