Rose, J.
Appeal from an order of the Supreme Court (Reilly Jr., J), entered June 12, 2013 in Schenectady County, which granted a motion by defendants Development at Helderberg Meadows, LLC, Brookview Court, Inc., Dennis E. Digesare and Vanessa Digesare for clarification and/or modification of a prior so-ordered stipulation between the parties.
Plaintiffs commenced this action for declaratory and injunctive relief pursuant to RPAPL article 15 to determine title to a disputed strip of real property located south of their premises and running in an east-west direction along the northern end of a subdivision lot owned by defendants Dennis E. Digesare and Vanessa Digesare. The parties reached a temporary agreement to maintain the status quo with respect to the disputed area pending final resolution of the action, and their interim stipulation was “so ordered” by Supreme Court. The agreed-upon order permitted the parties to utilize the disputed area for ingress and egress to their respective premises and provided that they *1123 would not inhibit or restrict each other’s rights of access over it. As part of the order, the parties were not to place any temporary or permanent structures in the disputed area, including any “survey ‘pins’ or ‘stakes.’ ”
The Digesares utilized the disputed area to access their subdivision lot for the purpose of completing the construction of their residence, but they were unable to obtain a certificate of occupancy from defendant Town of Rotterdam without the placement of surveyors’ pins and caps on the corners of the lot. When plaintiffs objected to the placement of pins and caps in the disputed area, the Digesares, along with defendants Development at Helderberg Meadows, LLC and Brookview Court, Inc., applied to Supreme Court for permission to modify the terms of the stipulated order. In support of their motion, they represented that they were seeking such pins and caps solely for the purpose of obtaining a certificate of occupancy allowing them to take up residence in the newly constructed home on the undisputed portion of their premises, the pins and caps would be placed flush to the ground where they would not inhibit ingress or egress, and they would not rely upon the placement of the pins and caps as any evidence of their right to the disputed area. Supreme Court granted the placement of the pins and caps, conditioned upon these representations. Plaintiffs appeal.
We affirm. A court has the common-law authority to, in its discretion, grant relief from a judgment or order in the interest of justice, considering “ ‘the facts of the particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for the requested relief ” (Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226 [2013], quoting Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.03 at 50-284; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Ladd v Stevenson, 112 NY 325, 332 [1889]; B.U.D. Sheetmetal v Massachusetts Bay Ins. Co., 248 AD2d 856, 856 [1998]; Siegel, NY Prac § 426 at 750 [5th ed 2011]). Even if the stipulation had not merged into an order of the court, the court has the “discretionary power to relieve parties from the consequences of a stipulation effected during litigation” (Teitelbaum Holdings v Gold, 48 NY2d 51, 54 [1979]; see McCoy v Feinman, 99 NY2d 295, 302 [2002]; Hallock v State of New York, 64 NY2d 224, 230 [1984]).
Here, Supreme Court correctly noted that it had the authority to modify its own order. The court reasonably concluded that modification was warranted because the residence under construction at the time of the stipulation had been completed *1124 and the placement of the pins and caps would not impede access to the disputed parcel or otherwise affect the parties’ positions with respect to the underlying dispute. Accordingly, we find that the court properly exercised its discretion here (see Matter of Frutiger, 29 NY2d 143, 149-150 [1971]; Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 234 AD2d 49, 49-50 [1996], lv dismissed 89 NY2d 1086 [1997]; Stansky v Mallon, 133 AD2d 392, 394-395 [1987], lv dismissed 70 NY2d 927 [1987], lv denied 71 NY2d 807 [1988]).
McCarthy, J.E, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.