■ GEORGE HAYDEN et al., Appellants, v JOSIM ASSOCIATES et al., Respondents.—In an action to recover damages, *inter alia,* for fraud and professional malpractice, the plaintiffs appeal, (1) as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 9, 1987, as denied that branch of their motion which sought leave to assert second, third, fourth and sixth causes of action as set forth in their proposed amended complaint, and (2) from an order of the same court, entered March 22, 1988, which denied their motion to reargue.

Ordered that the order entered October 9, 1987, is reversed insofar as appealed from, and that branch of the plaintiffs' motion which sought leave to assert second, third, fourth and sixth causes of action as set forth in their proposed amended complaint is granted; the plaintiffs' time to serve a second amended complaint setting forth those causes of action is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the appeal from the order entered March 22, 1988, is dismissed; no appeal lies from an order denying reargument *(Fahey v County of Nassau,* 111 AD2d 214); and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

"It is, of course, true that a party may amend a pleading at any time by leave of court and that leave shall be freely given upon such terms as may be just (see CPLR 3025, subd [b]). It is likewise true that the merits of a proposed amendment will not be examined on the motion to amend—unless the insufficiency or lack of merit is clear and free from doubt (see *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:11, p 481)" *(Norman v Ferrara,* 107 AD2d 739, 740). In keeping with the foregoing well-settled principles, we conclude that the Supreme Court improvidently exercised its discretion in refusing to permit the plaintiffs to assert the second, third, fourth and sixth causes of action contained in their proposed amended complaint.

Specifically, the lack of merit with respect to the second cause of action, labeled by the court as conspiracy to defraud, is neither clear nor free from doubt, as the plaintiffs alleged both the planning and the performance of a fraudulent act *(cf., Callahan v Gutowski,* 111 AD2d 464). Thus, the amendment should be allowed and consideration of the merits deferred *(see, Blasch v Chrysler Motors Corp.,* 93 AD2d 934). Secondly, though the proposed third and fourth causes of action, both sounding in fraud, do reiterate some of the allegations contained in the first cause of action, also sounding in fraud, the remaining allegations are sufficiently dissimilar that, given the absence of a claim of prejudice or surprise on the part of the defendants, this amendment should also be allowed. Finally, the court erred in refusing to permit the plaintiffs to assert the sixth cause of action, which is in the nature of one to recover for malpractice by accountants on the basis that it was time barred, as the plaintiffs have raised a factual issue as to whether the continuous representation doctrine is applicable at bar *(see, Greene v Greene,* 56 NY2d 86; *Boorman v Bleakley, Platt, Schmidt, Hart & Fritz,* 88 AD2d 942). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.