OPINION OF THE COURT
Nicholas A. Clemente, J.
Defendants move for leave to amend their answer to assert the affirmative defense of release and a counterclaim for contractual indemnification against Kathleen Dedely, the parent of the infant plaintiff.
In this medical malpractice action, it is alleged that Robert Dedely suffered injuries as a result of defendants’ failure to diagnose and treat an intestinal perforation.
The infant was admitted to Kings Highway Hospital on August 5, 1985, complaining of abdominal pain. On August 8, 1985, Kathleen Dedely demanded the release of her son and signed a paper which is the subject of this motion.
The paper is obviously a multipurpose release form in four parts dealing with leaving the hospital against advice, permission to dispose of amputated member, indemnification and authorization for payment of hospitalization.
Although the name of the patient is not entered, the pertinent sections, (1) and (3), are signed by Kathleen J. Dedely, who is suing herein in her representative capacity.
Those sections, as are relevant, read as follows:
"release for leaving hospital against advice
"(I,) _am (is) leaving kings highway hospital center, inc. against the advice and without the consent of its physicians, surgeons and authorities. In so doing, _ assume(s) all risks, responsibilities and liabilities, whatsoever, and hereby release(s) kings high *446 way hospital center, inc., its physicians, surgeons, authorities and employees from all risks, claims, responsibilities whatsoever * * *
"s/Kathleen J. Dedely”
"release
"The undersigned hereby agrees to indemnify and leave harmless the kings highway hospital center, inc., its agents, servants and employees from any claims, judgments, losses, liabilities, demands and actions whatsoever for any personal injuries, death or property damage to_(patient) which may arise or while going to or coming from the hospital areaways leading to or from the hospital, even though arising from the negligent acts, omissions, malpractice, creation or maintenance of a nuisance or trap of the kings highway hospital center, inc., its agents, servants and employees and to reimburse kings highway hospital center, inc., its agents, servants and employees from any such claims, judgments, losses, liabilities, demands, and actions whatsoever, including the expenses of defending and investigating the same * * *
"s/Kathleen J. Dedely”
Plaintiff opposes defendants’ motion on the ground that the defendants have waived the right to amend the answer to interpose the proposed affirmative defense and counterclaim because of a six-year delay. Plaintiff further alleges that the defendants’ proposed affirmative defense and counterclaim are against public policy. In addition, plaintiff asserts that even if allowed, the release and counterclaim do not apply to defendants Pocsidio and Felton, who were attending physicians.
While the parties have not moved for determination of the validity of the release and indemnification, an amendment of pleadings should not be allowed if it is devoid of merit and legally insufficient (see, Hayden v Josim Assocs., 148 AD2d 495; Matter of Consolidated Edison Co., 143 AD2d 1012; Fiesel v Nanuet Props. Corp., 125 AD2d 292; Sharapata v Town of Islip, 82 AD2d 350, affd 56 NY2d 332).
Initially, I find it to be clear that the intent of the instrument, whether or not it is efficacious, was to apply to the physicians as agents. Thus, if the amendment is to be permitted it would be as to all the defendants.
The first question to be addressed is whether a claim of release by a parent, who demands a discharge of her child *447 from a hospital against medical advice, is violative of public policy as it impacts upon the rights of an infant.
In weighing this question, two competing considerations are recognized. On the one hand, a hospital’s failure to release a patient, unless it sought judicial relief, would undoubtedly subject the hospital to an actionable tort. In complying with the demands of a patient, however, there are limits to which it may protect itself. For instance, it cannot, as a condition to doing what it is obliged to do, extract a promise to save it from its own wrongdoing.
In addition, public policy demands a higher standard of responsibility where there is a physician-patient relationship. As was stated in Ash v New York Univ. Dental Ctr. (164 AD2d 366, 371), "The public policy considerations here are buttressed by the independent obligations owed by defendants to plaintiff arising from the physician-patient relationship between them. This relationship imposes upon the health care provider greater responsibilities than that required in the ordinary commercial marketplace. In the context of that professional relationship 'a provision avoiding liability is peculiarly obnoxious.’ (15 Williston, Contracts § 1751 [3d ed 1972].)”
In the instant case, the claimed release is further made inoperative by the fact that defendants seek to deny an infant’s claim based upon the actions of another (cf., PJI 2:325).
Thus, I conclude that the purported release by the parent on behalf of her son was a nullity.
The next question is whether the third section of the release form dealing with indemnification may serve as the basis for a counterclaim.
It follows, from the prior analysis, that indemnification for the hospital’s past malpractice should not be allowed especially since a discharge of the infant from the hospital was the basis for it.
It would be patently unfair to have plaintiff’s parent be bound to a clause in a document in which the source of compensation is shifted from the hospital to the parent under circumstances where there is no special relationship between the parent and the hospital to warrant such indemnification. Most importantly in the proposed counterclaim submitted, there is no differentiation made between indemnification for *448 injuries from malpractice committed prior to discharge and injuries suffered as a result of premature discharge.
In other words, indemnification should not be allowed for any malpractice prior to discharge. It is acknowledged that the parent could, conceivably, be responsible for the consequential damages which might result from her act of demanding the discharge of her son from the hospital. This possible responsibility, if such be the case, would not be in indemnification but rather against plaintiff as a subsequent tortfeasor.
Finally, it is to be noted that Kathleen Dedely has not brought an action for loss of services so that a counterclaim against her personally is impermissible since her only role herein is to represent the infant plaintiff.
Stated otherwise, a judgment on behalf of the infant could not be reduced by any findings of responsibility vis-á-vis the hospital and his mother.
Also, I find that a six-year delay in seeking amendment of the answer to be egregious and further determinative in the denial of the motion to amend the answer.
Nevertheless, consistent with this opinion, the defendants are permitted to commence a third-party action against Kathleen Dedely should they be contending (while denying any malpractice) that her actions in demanding the discharge of her child resulted in further injury to Robert Dedely. I make no determination at this time as to the adequacy of an incompletely filled out release form.