■ IRVING ZWECKER et al., Respondents, v MARTIN KULBERG et al., Appellants. [618 NYS2d 840] —In an action, *inter alia,* to recover damages for fraud, the defendants appeal from an order of the Supreme Court, Nassau County (Hart, J.), entered September 21, 1993, which denied their motion, *inter alia,* for summary judgment.

Ordered that the order is modified, on the law, by deleting therefrom the provision which denied that branch of the defendants' motion which was to dismiss the second, fourth, sixth, and eighth causes of action in the complaint and substituting therefor a provision granting that branch of the motion which was to dismiss the second, fourth, sixth, and eighth causes of action in the complaint; as so modified, the order is affirmed, without costs or disbursements.

The instant action arises from the plaintiffs' investment in 1979 in two limited partnerships allegedly on the advice of their accountant, the individual defendant herein. In 1989, the plaintiffs received a "90 Day Notice" from the Internal Revenue Service (hereinafter the IRS) in connection with taxes and penalties owed for deductions disallowed for the WACO Associates partnership.

Since it is uncontroverted that the IRS never disallowed the deductions taken in connection with the Market Square Associates partnership and the plaintiffs have not come forth with any admissible evidence demonstrating a loss arising from that investment, the Supreme Court erred in not granting summary judgment to the defendants on those causes of

action in the complaint which allege wrongdoing concerning the Market Square partnership.

However, based upon the plaintiffs' allegations that the individual defendant induced them into investing in the WACO partnership by, in part, falsely stating that he would not receive a commission, and since the plaintiffs did not allegedly learn of the commissions until 1989, the cause of action alleging fraud in connection with the WACO partnership was timely brought (see, CPLR 213 [8]; 203 [g]; see generally, Rattner v York, 174 AD2d 718, 721; Del Vecchio v Nassau County, 118 AD2d 615).

We further find that under the continuous representation rule, the plaintiffs' malpractice claim in connection with the WACO partnership was timely brought (CPLR 214 [6]; see generally, Greene v Greene, 56 NY2d 86, 93-94; Hayden v Josim Assocs., 148 AD2d 495, 496). Significantly, the plaintiffs specifically alleged that the individual defendant continued to utilize deductions regarding the WACO partnership in preparing their tax returns up through the tax year 1987 knowing that the shelter was being investigated by the IRS and likely to be invalidated.

We have reviewed the defendants' remaining contentions and find that they are without merit. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.