■ SIRIUS SATELLITE RADIO, INC., Respondent, v CHINATOWN APARTMENTS, INC., Appellant, et al., Defendants. [756 NYS2d 557] —Order, Supreme Court, New York County (Richard Lowe III, J.), entered February 11, 2002, which, in this action for a declaration as to the enforceability of a license agreement and for the agreement's specific performance, granted plaintiff's motion for a preliminary injunction enjoining defendants from tampering with or removing plaintiff's equipment from defendant-appellant's premises, and from interfering with plaintiff's right to access said premises to complete installation of its equipment, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 5, 2001, which granted plaintiff's motion for a temporary restraining order, unanimously dismissed, without costs.

The requirements for preliminary injunctive relief (see W.T. Grant Co. v Srogi, 52 NY2d 496, 517 [1981]) were met. Defendant-appellant maintains that plaintiff failed to demonstrate that it would likely succeed on the merits since the licensing agreement that plaintiff seeks to have enforced, entitling plaintiff to install and operate radio communications equipment on the roof of defendant-appellant's building, was not authorized by defendant-appellant. However, defendant-appellant, in a facility agreement, provided defendant AAT Communications, a company engaged in the business of locating and licensing prime antenna sites to the radio communication industry, with express authority to enter into license agreements such as the one plaintiff seeks to enforce, on its behalf, and that it was pursuant to this express grant of authority that AAT Communications entered into the license agreement at issue with plaintiff. Nor does there appear to be merit to defendant-appellant's claim that the subject license agreement is invalid because its managing agent, RY Management, was without authority to approve the agreement on its behalf. The record provides persuasive indication that defendant-appellant by its conduct endowed RY Management with at least apparent authority to approve the license agreement on its behalf (see Hallock v State of New York, 64 NY2d 224, 231-232 [1984]).

Irreparable harm in the absence of the requested injunctive relief and a balance of the equities favoring plaintiff were shown since an award of monetary damages for breach of the license agreement will not adequately compensate plaintiff for the evidently far-reaching adverse network-wide consequences

of defendant-appellant's refusal to permit the installation and operation of plaintiff's equipment on its uniquely situated roof. Defendant-appellant, on the other hand, having already accepted substantial compensation under the license agreement, has made no persuasive showing that the enforcement of the agreement would result in serious inequity or harm.

We have considered defendant-appellant's remaining arguments and find them unavailing. Concur—Saxe, J.P., Rosenberger, Lerner and Marlow, JJ.