[825 NYS2d 193]

Constance Booth, Respondent, v I. Stanley Kriegel, Appellant, et al., Defendant.

First Department, November 16, 2006

**APPEARANCES OF COUNSEL**

*Levine & Grossman*, Mineola (*Frank Torres* of counsel), for appellant.

*Maryann Peronti*, New York City, for respondent.

**OPINION OF THE COURT**

FRIEDMAN, J.

The issue presented by this appeal is whether, under the doctrine of continuous representation, the running of the statute of limitations on a cause of action for accounting malpractice was tolled for a period of more than a decade and a half during which the accountant made the same mistake in preparing successive tax returns for his client. We hold that the continuous representation doctrine does not apply under these facts because, regardless of the common mistake affecting the tax returns, each return was a separate and discrete transaction. Therefore, any claim arising from the preparation of each successive tax return accrued, and the statute of limitations on that claim began to run, upon the completion of the services relating to that return.

Plaintiff, a self-employed United States citizen, has resided in the United Kingdom at all times relevant to this dispute. For each year from 1969 through 2001, plaintiff retained defendant Kriegel to prepare and file her United States federal and state income tax returns. Plaintiff alleges that, in 2002, new accountants she hired advised her that she had unnecessarily paid United States Social Security taxes for the years 1985 through 2001. Plaintiff learned that she had not owed these taxes because a 1985 "Totalization Agreement" between the United States and the United Kingdom provided that a self-employed citizen of either country who resided in the other country was required to pay self-employment taxes only in his or her country of residence. Kriegel admits that he did not advise plaintiff of the Totalization Agreement and its application to her tax liability. Although plaintiff obtained refunds of the Social Security taxes she paid for 1999, 2000 and 2001, she was not permitted under applicable law to obtain refunds for the earlier years.

In September 2003, plaintiff commenced this action, in which she seeks to recover her unrefunded tax overpayments for the years 1985 through 1998 (allegedly totaling $150,000) from Kriegel. After answering the complaint, Kriegel moved for summary judgment dismissing the complaint as time-barred. In support, Kriegel submitted an affidavit attesting that he had sent plaintiff a copy of her tax return for 1998 (the last year for which recovery is sought) in April 1999, the same month he completed and filed the return. Kriegel argued that, because he did not perform any further services relating to the 1998 return after April 1999, plaintiff's claim was barred by the three-year statute of limitations for nonmedical malpractice actions (CPLR 214 [6]) at the time she filed her complaint in September 2003. In opposition, plaintiff contended that, under the doctrine of continuous representation, her claim did not accrue until Kriegel completed work on the last return he prepared for her, which, as previously noted, was the 2001 return. Plaintiff argued that the action was timely because Kriegel completed work on the 2001 return less than three years before the complaint was filed in September 2003. Supreme Court agreed with plaintiff, and denied the motion. We now reverse.

The continuous representation doctrine tolls the running of the statute of limitations on a claim arising from the rendition of professional services only so long as the defendant continues to advise the client "in connection with the particular transaction which is the subject of the action and not merely during the continuation of a general professional relationship" (*Zaref v Berk & Michaels*, 192 AD2d 346, 348 [1993] [citations omitted]; *see also Transport Workers Union of Am. Local 100 AFL-CIO v Schwartz*, 32 AD3d 710, 713 [2006]; *CLP Leasing Co., LP v Nessen*, 12 AD3d 226, 227 [2004]; *Dignelli v Berman*, 293 AD2d 565, 566 [2002]). Thus, unless services relating to the particular transaction sued upon were rendered within the limitation period, even the defendant's "general and unfettered control of [the plaintiff's] financial, tax and investment affairs"—and the evidence here shows that Kriegel played a far lesser role—is "insufficient to sustain the timeliness" of the action (*Zaref*, 192 AD2d at 348). Stated otherwise, where a professional advises a client in "a series of discrete and severable transactions" (*Parlato v Equitable Life Assur. Socy. of U.S.*, 299 AD2d 108, 115 [2002], *lv denied* 99 NY2d 508 [2003]), the performance of services in each successive transaction does not serve to toll the running of the statute of limitations on any claim arising from the prior transaction.

In this case, the particular transactions at issue are the 14 annual federal tax returns that Kriegel prepared and filed on plaintiff's behalf for the years 1985 through 1998. It is uncontroverted that, under the rule that a claim for accounting malpractice "accrues upon the client's receipt of the accountant's work product" (*Ackerman v Price Waterhouse*, 84 NY2d 535, 541 [1994]), plaintiff's claim based on the last of these returns accrued no later than April 1999, more than three years before the commencement of this action in September 2003.* Although Kriegel subsequently prepared and filed plaintiff's 1999, 2000 and 2001 tax returns (for which plaintiff, having received refunds, makes no claim), the record contains no evidence that the tax returns were anything other than "a series of discrete and severable transactions" (*Parlato*, 299 AD2d at 115). Thus, Kriegel's work on each successive tax return did not toll the running of the statute of limitations on any claim arising from his work on the return for the previous year, notwithstanding that he allegedly made the same error in preparing each return. Accordingly, Kriegel's motion for summary judgment should have been granted.

In concluding that plaintiff's claims are saved by the continuous representation doctrine, the motion court relied on this Court's decision in *Ackerman v Price Waterhouse* (252 AD2d 179 [1998]), and the Second Department's decision in *Zwecker v Kulberg* (209 AD2d 514 [1994]). *Ackerman* and *Zwecker* are distinguishable, however, and do not control the instant case. In each of those cases, the malpractice claims were based on erroneous advice given in successive years with regard to the tax treatment of the same specific investment, and there was concrete evidence that the defendant, in giving such advice, was deliberately acting in disregard of professional standards throughout the period in question (*see Ackerman*, 252 AD2d at 205 [in action by tax-shelter partnership investors against the accounting firm that prepared the Schedules K-1 the investors received from the partnership, investors presented "ample evidence" of, inter alia, the accounting firm's "repeated failure to disclose the risks associated" with the subsequently-invalidated accounting method used to prepare the Schedules K-1]; *Zwecker*, 209 AD2d at 515 [in preparing plaintiffs' tax returns for several years, de-

---

* Plaintiff does not dispute the applicability of the three-year statute of limitations.

fendant accountant utilized a subsequently disallowed deduction on an investment in a particular tax-shelter partnership, notwithstanding defendant's knowledge that "the shelter was being investigated by the IRS and likely to be invalidated"]). In this case, unlike *Ackerman* and *Zwecker*, plaintiff does not allege that Kriegel's error in preparing her tax return related to any particular investment or source of income, only that he erroneously reported liability on her income generally for a tax she was not required to pay. Moreover, there is no evidence, or even an allegation, that Kriegel's error was somehow knowing or deliberate.

Also inapposite is this Court's more recent decision in *Williamson v PricewaterhouseCoopers LLP* (32 AD3d 179 [2006], *lv granted* 2006 NY Slip Op 77541[U] [1st Dept 2006]). In *Williamson*, the liquidating trustee of a hedge fund sued an accounting firm (PricewaterhouseCoopers [PwC]) based on PwC's audits of the fund's financial statements for several successive years. The *Williamson* majority concluded that it could not be determined, on a prediscovery motion to dismiss, whether the trustee's claims based on audits conducted more than three years before the filing of the complaint were time-barred, since the complaint alleged that "each year's misstatement [of the value of the fund's assets] *rel[ied] on and buil[t] on the errors of the year before*" (32 AD3d at 181 [emphasis added]). If these allegations were true, the majority held, the factfinder could conclude that "each audit was merely a step in a continuous and interrelated service that PwC provided through the years in question" (*id.*). Here, no interrelationship comparable to the one alleged between the successive audits in *Williamson* is alleged to have existed between plaintiff's successive tax returns. Plaintiff does not allege that the error in one year's tax return was the cause of the error in the return for the next year, only that the same error was repeated year after year. Such repetition of the same error in preparing successive tax returns is, standing alone, insufficient to warrant application of the continuous representation doctrine.

Accordingly, the order of the Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 28, 2005, which denied defendant I. Stanley Kriegel's motion for summary judgment dismissing the complaint, should be reversed, on the law, without costs, and the motion granted. The

Clerk is directed to enter judgment in favor of defendant Kriegel dismissing the complaint as against him.

MAZZARELLI, J.P., GONZALEZ, CATTERSON and MALONE, JJ., concur.

Order, Supreme Court, New York County, entered November 28, 2005, reversed, on the law, without costs, and defendant-appellant's motion for summary judgment dismissing the complaint granted. The Clerk is directed to enter judgment in favor of defendant Kriegel dismissing the complaint as against him.