Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 29, 2012, which denied plaintiffs-appellants’ motion for a preliminary injunction, unanimously reversed, on the law, with costs, and the motion granted to the extent of ordering that defendants-respondents are enjoined from continuing to act or purporting to act as plaintiffs-appellants’ agent and property manager for the listed properties, and directing that the accounts in dispute be frozen and their contents held in escrow pending determination of this action.
In the 1990s, the parties entered into written contracts pursuant to which defendants agreed to act as agent and property manager with respect to certain properties owned by plaintiffs. In 2011, plaintiffs notified defendants that their agency was being terminated. Defendants took the position that the termination was ineffective given their residuary interests in the properties. Plaintiffs commenced this action seeking, among other things, an order enjoining defendants from continuing to purport to act as an agent for plaintiffs and requiring defendants to relinquish control over relevant bank and investment accounts. Several months later, plaintiffs moved for a preliminary injunction seeking the same relief.
*560 The court improvidently exercised its discretion in failing to issue a preliminary injunction enjoining defendants from continuing to assert that they are agents of plaintiff owners with respect to the specified properties. Plaintiff owners have a probability of success on the merits with respect to the effectiveness of their termination of their agent, have shown that they are suffering irreparable injury to the extent the properties they own continue to be managed by an agent they do not desire, and the balance of the equities weighs in their favor (see e.g. Archdiocese of Ethiopian Orthodox Church in U.S. & Can. v Yesehaq, 232 AD2d 332 [1st Dept 1996]).
To the extent plaintiff owners also seek a preliminary order requiring defendants to turn over to their possession and control the contents of bank accounts that are contested by the parties, the circumstances presented in this case are not of such an extraordinary nature so as to warrant mandatory preliminary relief upsetting the status quo (see St. Paul Fire & Mar. Ins. Co. v York Claims Serv., 308 AD2d 347, 349 [1st Dept 2003]). However, in order to preserve the status quo, the contested accounts should be frozen and the funds held in escrow pending a determination as to the rights of the parties (see e.g. Banana Kelly Community Improvement Assn, v Schur Mgt. Co., Ltd., 34 Misc 3d 1207[A], 2012 NY Slip Op 50013[U] [Sup Ct, Bronx County 2012]).
Concur—Mazzarelli, J.R, DeGrasse, AbdusSalaam, Manzanet-Daniels and Clark, JJ.