25 AVENUE C NEW REALTY, LLC, Respondent, v LAW OFFICES OF JEFFREY SAMEL & PARTNERS et al., Appellants. [40 NYS3d 766]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 7, 2016, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to grant the motion as to the breach of contract causes of action, and otherwise affirmed, without costs.

Accepted as true, the allegations in the complaint establish

that this action was commenced within three years after defendant Bigelow was relieved of his continuous representation of plaintiff by court order in January 2010 (*see Booth v Kriegel*, 36 AD3d 312, 314 [1st Dept 2006]; CPLR 214 [6]). The court properly declined, on this motion to dismiss pursuant to CPLR 3211 (a), to consider the affidavit by defendant law firm's principal saying that Bigelow ceased to be employed by the firm in April 2009 (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]).

The causes of action alleging breach of contract should be dismissed, since they are merely "a redundant pleading of the malpractice claim" (*Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38-39 [1st Dept 1998]).

The "Release and Settlement Agreement" on which defendants rely unambiguously releases nonparty Alea North American Insurance Company "and its representatives, insurers, sureties, guarantors, [and] attorneys . . . , and all other persons, firms or corporations, if any, who are or may be liable in any way to [plaintiff]" from all claims against it arising out of claims that were or could have been asserted in the declaratory judgment action. As the instant complaint is asserted against defendants, and not against Alea, the release is not a basis for dismissal.

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Gische, JJ.