MICHAEL RAKOSI et al., Respondents, v SIDNEY RUBELL COMPANY, LLC, et al., Appellants. [65 NYS3d 198]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered March 9 and 10, 2017, which granted plaintiffs' CPLR 6301 motion to preliminarily enjoin Sidney Rubell Company, LLC (SRC) from acting as managing agent of partnership properties, and directed SRC to turn over all keys, security codes, books, records and accounts for the properties, and to cease representing that it is the manager of the properties, unanimously affirmed, without costs.

In this action seeking damages and equitable relief with regard to SRC's management of properties of alleged real estate partnerships, plaintiffs, alleged partners of the partnerships, in seeking a preliminary injunction to enforce their termination of SRC as managing agent, adequately demonstrated a likelihood of success on the merits, irreparable injury in the absence of the sought relief, and a balance of the equities in their favor (*see Doe v Axelrod*, 73 NY2d 748 [1988]), and Supreme Court's grant of the preliminary injunction was within its sound discretion (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]).

The terms of the May, 2009 settlement agreement were sufficiently clear to show that plaintiffs, expressly designated as partners with ownership interests in the real estate partnerships at issue here, acted within their authority by purporting to terminate SRC in July 2016. We disagree with defendants that Supreme Court's previous determination in *Sperber v Rubell* (Sup Ct, NY County, Feb. 2, 2008, Tolub, J., index No. 109933/05 [Sperber litigation]), that these individuals were not, by virtue of inheritance or assignment, partners of two of the real estate entities, disproves the settlement agreement's plain terms; the Sperber litigation pre-dated, and was definitively resolved by, the parties' execution of the settlement agreement. Moreover, Supreme Court here observed that, in the Sperber litigation, the sole surviving partner of the real estate partnerships was Sidney Rubell; as such, his agreement with plaintiffs here, and Stanley Rosenbloom, sufficed to vest these individuals with membership interests (*see* Partnership Law § 40 [7]).

Defendants present the entities' K-1s as dispositive proof that Rubell family LLC-transferees of Rubell's interests are entity partners; however, such documents, standing alone, do not prove an express partnership exists (see *Royal Communications Consultants, Inc. v IVIZ, LLC*, 40 Misc 3d 1217[A], 2013 NY Slip Op 51213[U], *4 [Sup Ct, Kings County 2013]). They may be relevant to the inquiry, but are not determinative (see *Rosenfeld v Kaplan*, 245 AD2d 176 [1st Dept 1997]). Moreover, defendants are judicially estopped from reliance on the K-1s as proof of their LLCs' partnership interests, having taken the precisely contrary position in the Sperber Litigation, and prevailed (see *Baje Realty Corp. v Cutler*, 32 AD3d 307, 310 [1st Dept 2006]). Their failure to submit any proof of Rubell's or other then-living partners' consent to their LLCs' acquisition of membership interests in the entities further undermines their position here (see *Rapoport v 55 Perry Co.*, 50 AD2d 54, 57 [1st Dept 1975]).

Plaintiffs have shown irreparable injury to the extent the properties continue to be managed by an agent they do not desire (see *Fieldstone Capital, Inc. v Loeb Partners Realty*, 105 AD3d 559 [1st Dept 2013]; *Bishop v Rubin*, 228 AD2d 222, 224-225 [1st Dept 1996]). Further, given that defendants have been on notice, since 2009, that, by the settlement agreements' plain terms, their tenure as managing agent could expire as early as May 2016, and given they do not show why, if their termination by plaintiffs is ultimately deemed valid, they cannot seek management work elsewhere, the balance of equities weighs in plaintiff's favor (see *Sirius Satellite Radio v Chinatown Apts.*, 303 AD2d 261 [1st Dept 2003]; *Manhattan Real Estate Equities Group LLC v Pine Equity N.Y., Inc.*, 7 Misc 3d 1008[A], 2004 NY Slip Op 51869[U] [Sup Ct, NY County 2004], *affd* 16 AD3d 292 [1st Dept 2005]). Defendants' unsupported, fact-intensive arguments concerning the alleged hardships that would be suffered by tenants of the partnerships' properties if SRC were replaced with a new managing agent were not raised below, and so we do not consider them now (see *Lindgren v New York City Hous. Auth.*, 269 AD2d 299, 303 [1st Dept 2000]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.