Spectrum Stamford, LLC v 400 Atl. Tit., LLC (2018 NY Slip Op 04853)





Spectrum Stamford, LLC v 400 Atl. Tit., LLC


2018 NY Slip Op 04853


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


7027N 650635/18 640/18

[*1] Spectrum Stamford, LLC, Plaintiff-Appellant,
v
400 Atlantic Title, LLC, Defendant-Respondent.


Robinson & Cole LLP, New York (Joseph L. Clasen of counsel), for appellant.
Meister Seelig & Fein LLP, New York (Stephen B. Meister of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 8, 2018, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed.
Defendant 400 Atlantic Title, LLC entered into a loan agreement whereby it borrowed $235 million from a bank, and subsequently defaulted on the loan at the maturity date. Plaintiff Spectrum Stamford, LLC, the assignee of the loan, now seeks to enforce a contractual right under a loan agreement to replace the current property manager with a property manager of its choosing, CBRE, Inc. The preliminary injunction seeks to enjoin defendant and the current property manager from preventing or interfering with CBRE's takeover as property manager, and seeks to require defendant and the current property manager to assist with the transition process.
Plaintiff has established a likelihood of success on the merits as Spectrum has the right to replace the property manager in the event of a default. However, plaintiff has not demonstrated irreparable harm or that the balance of the equities weighs in its favor.
It is well settled that the ordinary function of a preliminary injunction is not to determine the ultimate rights of the parties, but to maintain the status quo until there can be a full hearing on the merits (see Moltisanti v East Riv. Hous. Corp., 149 AD3d 530, 531 [1st Dept 2017]; Residential Bd. of Mgrs. of Columbia Condominium v Alden, 178 AD2d 121 [1st Dept 1991]). However, if relief is required because of " imperative, urgent, or grave necessity,'" then a court, acting with " great caution'" and " upon clearest evidence,'" i.e., " where the undisputed facts are such that without an injunction order a trial will be futile'" may grant a preliminary injunction (Xerox Corp. v Neises, 31 AD2d 195, 197 [1st Dept 1968], quoting 28 NY Jur, Injunctions, § 19; see also Sithe Energies, Inc. v 335 Madison Ave., LLC, 45 AD3d 469, 470 [1st Dept 2007]).
Here, Supreme Court properly exercised its discretion in denying plaintiff's motion for an injunction (After Six Inc. v 201 East 66th Street Associates, 87 AD2d 153, 155 [1st Dept 1982]. Defendant should be permitted an opportunity to defend itself. There is no "imperative, urgent, or grave necessity" that the current property manager be replaced with CBRE at this time (Xerox at 197). While plaintiff argues that it sustained irreparable harm because the property continues to be managed by an agent that it does not desire, citing Rakosi v Sidney Rubell Co., LLC (155 AD3d 564, 565 [1st Dept 2017]) and Fieldstone Capital, Inc. v Loeb Partners Realty (105 AD3d 559, 560 [1st Dept 2013]), plaintiff's interests are different from the plaintiffs in those cases. Plaintiff is merely an assignee of the lender and has solely an economic interest, whereas the plaintiffs in Rakosi and Fieldstone were owners of the properties with concerns about title and entered directly into property management agreements with the defendants.
Finally, plaintiff's request for relief is primarily mandatory in nature as it requires defendant and the current property manager to assist with the transition to CBRE (whether explicitly to benefit CBRE or implicitly to protect its own proprietary information). A mandatory preliminary injunction by which the movant would receive some form of the ultimate relief sought as a final judgment is granted only in "unusual" situations, "where the granting of the relief is essential to maintain the status quo pending trial of the action" (Second on Second Café, [*2]Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 264 [1st Dept 2009]). " A mandatory injunction should not be granted, absent extraordinary circumstances, where the status quo would be disturbed and the plaintiff would receive the ultimate relief sought, pendente lite'" (St. Paul Fire & Mar. Ins. Co. v York Claims Serv., 308 AD2d 347, 349 [1st Dept 2003]; see also LGC USA Holdings, Inc. v Taly Diamonds, LLC, 121 AD3d 529, 530 [1st Dept 2014]; Fieldstone, 105 AD3d at 560). Here, while plaintiff may have a contractual right to choose the property manager, there has been no showing of extraordinary circumstances requiring CBRE immediately assume management of the property.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK