Sharma v Walia (2022 NY Slip Op 00524)





Sharma v Walia


2022 NY Slip Op 00524


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 657002/19 Appeal No. 15153 Case No. 2020-04621 

[*1]Krishna R. Sharma, Plaintiff-Appellant,
v
Jaspreet Walia et al., Defendants-Respondents.


Law Office of Leonard Eli Bronner, Brooklyn (Leonard Eli Bronner of counsel), for appellant.
The Richard L. Rosen Law Firm, PLLC, New York (John A. Karol of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 26, 2020, which granted defendants' motion to dismiss the second amended verified complaint, unanimously affirmed, without costs.
Plaintiff entered into an agreement with defendants Jaspreet Walia and Leverich St LLC to buy three Subway franchises located in Manhattan. Plaintiff alleges that Walia, a longtime family friend, increased the initial purchase prices for all three restaurants after informing her that the subleases contained options to renew, thus increasing the restaurants' value. Based on Walia's representations about the sublease renewals, plaintiff alleges, she paid an extra $575,000. However, plaintiff contends, Walia's representations regarding the sublease renewals proved to be false, as two of the leases did not have renewal options at all and the third had a renewal option with a deadline that plaintiff could not meet. Thus, plaintiff maintains, although she had paid additional sums because of the purported options to renew, she was forced to vacate all three restaurants when the subleases expired.
Plaintiff's fraud claims fail because she failed to allege justifiable reliance on Walia's alleged misrepresentations about the sublease renewal options. The facts regarding the subleases were not peculiarly within Walia's knowledge; on the contrary, plaintiff could have known the relevant facts had she simply read the leases, which she concedes she did not do (see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1044 [2015]; Mann v Thomas-Senior, 174 AD3d 444, 445 [1st Dept 2019]). Furthermore, plaintiff does not allege that Walia misrepresented the contents of the relevant documents, but rather, simply told her that it was not necessary for her to read them before she signed them at the closings. Under these circumstances, plaintiff cannot be heard to complain that she was induced by misrepresentations to enter into the transactions (see MBF Clearing Corp. v JPMorgan Chase Bank, N.A., 189 AD3d 546, 546-547 [1st Dept 2020], lv denied 36 NY3d 912 [2021]; see also OmniVere, LLC v Friedman, 174 AD3d 443, 444 [1st Dept 2019]).
Plaintiff's contention that she did not obtain the leases for the stores until the closings is refuted by the documentary evidence, which shows that plaintiff signed the relevant forms for each closing beginning in April 2013 through September 2014, acknowledging each time that she had received and reviewed the master lease and sublease for the premises and understood all of the terms and conditions of those documents. Even if plaintiff did not have the leases until the closings, she failed to exercise ordinary diligence by asking for them beforehand (see Mann, 174 AD3d at 445; see also Lantau Holdings Ltd. v Orient Equal Intl. Group Ltd., 161 AD3d 714, 714 [1st Dept 2018]).
In light of our determination, we need not reach the parties' remaining contentions. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022