Gerzog v Goldfarb (2022 NY Slip Op 04120)

Gerzog v Goldfarb

2022 NY Slip Op 04120

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Index No. 653432/18 Appeal No. 16221 Case No. 2022-00071 

[*1]Ira Gerzog, Plaintiff-Respondent,
v
Steven Goldfarb et al., Defendants-Appellants, Sonia Hernia et al., Defendants.

Golenbock Eiseman Assor Bell & Peskoe LLP, New York (Michael M. Munoz of counsel), for Steven Goldfarb, appellant.
Furman Kornfeld & Brennan LLP, New York (Christopher D. Skoczen of counsel), for Harvey Midgen, appellant.
Schlam Stone & Dolan LLP, New York (Joshua Wurtzel of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered December 16, 2021, which, to the extent appealed from, denied defendants Steven Goldfarb's and Harvey Migden's motions for summary judgment dismissing the second amended consolidated complaint against them, unanimously modified, on the law, to grant Goldfarb's motion as to the fraud claim, and otherwise affirmed, with costs against Goldfarb and Migden to be paid to plaintiff.
Plaintiff was an attorney at the law firm of nominal defendant Goldfarb & Gerzog. He claims that he and defendant Goldfarb were partners at the firm and that he was entitled to a one-third share of the firm's profits. Defendant Migden was the firm's accountant.
Issues of fact exist as to plaintiff's partnership status and entitlement to a share of the firm's profits (see generally M.I.F. Sec. Co. v Stamm & Co., 94 AD2d 211, 214 [1st Dept 1983], affd in part 60 NY2d 936 [1983]). Evidence in the record — including plaintiff's testimony, the firm's filing of partnership tax returns and K-1s, and its representations to others — supports plaintiff's claim that the firm was a partnership and that he was entitled to a percentage of the firm profits (see Rosen v Efros, 258 AD2d 333, 333 [1st Dept 1999]; see also 26 CFR § 301.7701-2 [a]; Peterson v Neville, 58 AD3d 489, 489 [1st Dept 2009]). Although the K-1s and representations are not dispositive, they are still relevant (see Rakosi v Sidney Rubell Co., LLC, 155 AD3d 564, 565 [1st Dept 2017]). The fact that the K-1s refer to plaintiff as a "limited partner" is not determinative of whether he had an equity stake, especially given that they also refer to Goldfarb as a limited partner.
The evidence also shows that plaintiff may have made at least one capital contribution in the form of his share of the proceeds of two case settlements, and that, while Goldfarb managed the firm's finances and marketing, plaintiff managed the firm's caseload and daily operations. Although plaintiff never paid firm debts or expenses out-of-pocket, he testified that he was nonetheless responsible for them because the profits from which he was paid were net of costs.
The evidence showing that plaintiff's profit percentage varied by year does not defeat plaintiff's claims. The claims are based on allegations of improper suppression of the total amount of firm profits, which would affect the amount distributed to plaintiff regardless of the percentage applied.
As to Migden, plaintiff also raises an issue of fact as to the applicability of the exception to the general rule that accountants do not owe clients fiduciary duties. That exception applies "where the allegations include knowledge and concealment of illegal acts and diversions of funds and failure to withdraw in the face of a conflict of interest" (Nate B. & Frances Spingold Found. v Wallin, Simon, Black & Co., 184 AD2d 464, 465-466 [1st Dept 1992]). Plaintiff has submitted evidence from which the factfinder could conclude that Migden [*2]falsely classified Goldfarb's personal expenses as case preparation expenses on income tax returns, with knowledge that deducting these expenses would reduce the profits available to be paid to plaintiff and that classifying them in this way would conceal the wrongdoing. The fact that plaintiff had access to his K-1s and the firm's tax returns is immaterial because his claim is that the true nature of Goldfarb's personal expenses was not obvious on the face of those documents. Plaintiff also submitted evidence indicating that Migden was responsible for categorizing expenses as deductions and did not simply rely on Goldfarb's assessment. The parties also offered conflicting expert opinions regarding whether an accountant's duties run to all partners or only to the partner in charge of tax matters. However, whether Migden owed a duty to plaintiff personally is irrelevant to the accounting malpractice claim, which was asserted derivatively on behalf of the firm.
Partial dismissal of the accounting malpractice claim on statute of limitations grounds (see CPLR 214 [6]) is precluded by issues of fact as to whether Migden is equitably estopped from asserting the defense because his alleged concealment of the misconduct induced plaintiff to refrain from filing a timely action (see Simcuski v Saeli, 44 NY2d 442, 448-449 [1978]; Langston v MFM Contr. Corp., 172 AD3d 583, 584 [1st Dept 2019]), whether the statute of limitations was tolled because Migden was in a fiduciary relationship with the firm (see Robinson v Day, 103 AD3d 584, 586 [1st Dept 2013]), and whether it was tolled under the continuous representation doctrine (see Booth v Kriegel, 36 AD3d 312, 314 [1st Dept 2006]). Although repetition of the same mistake on successive tax returns does not constitute continuous representation, the doctrine may apply where there is repeated intentional disregard of professional standards with respect to the same type of expense (see id. at 315; Ackerman v Price Waterhouse, 252 AD2d 179, 205 [1st Dept 1998]).
The fraud claim against Goldfarb should be dismissed. Plaintiff claims that Goldfarb repeatedly falsely represented to him that his annual compensation exceeded his one-third share of the firm's profits. Even if that were true, plaintiff could not have justifiably relied on this misrepresentation because it was clear on the face of his K-1s that his income never exceeded one-third of the profits, except in 2012, even without accounting for the allegedly false expenses (see Sharma v Walia, 201 AD3d 609, 609-610 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022