CMB Export Infrastructure Inv. Group 48, LP v Motcomb Estates, Ltd. (2024 NY Slip Op 00223)

CMB Export Infrastructure Inv. Group 48, LP v Motcomb Estates, Ltd.

2024 NY Slip Op 00223

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Index No. 653821/22 Appeal No. 1472-1473-1474-1474A Case No. 2023-01142, 2023-01955, 2023-01979 2023-03818 

[*1]CMB Export Infrastructure Investment Group 48, LP, Plaintiff-Respondent,
v
Motcomb Estates, Ltd., et al., Defendants-Appellants, NCPMB, LLC, et al., Defendants. 

Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Matthew D. Parrott of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York (Jonathan M. Preziosi of the bar of the State of New Jersey, admitted pro hac vice, of counsel), for respondent.

Appeal from amended order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 28, 2023, which, insofar as appealed from, granted plaintiff's motion for a preliminary injunction to the extent of enjoining the UCC foreclosure sale on the defaulted Senior Mezzanine Loan on the condition that plaintiff post a bond in the amount of $5 million, unanimously dismissed, without costs, as academic.
Order, same court and Justice, entered April 13, 2023, which, insofar as appealed from as limited by the briefs, denied defendants Motcomb Estates, Ltd. and Reuben Brothers, Ltd.'s motion to renew their opposition to the preliminary injunction motion, unanimously reversed, on the law and on the facts and in the exercise of discretion, with costs, the motion to renew granted and, upon renewal, the preliminary injunction vacated.
Appeal from order, same court and Justice, entered on or about March 6, 2023, which denied defendants Motcomb Estates, Reuben Brothers, and CDCF IV Century Mezz, LLC's motions to dismiss the complaint, unanimously dismissed, without costs, as academic.
Order and so-ordered transcript, same court and Justice, entered on or about June 20, 2023 and June 23, 2023, respectively, which, insofar as appealed from, denied defendants Motcomb Estates, Reuben Brothers, and CDCF's motion to renew their motions to dismiss the complaint, unanimously reversed, on the law, with costs, renewal granted and, upon renewal, the motions to dismiss the complaint granted. The Clerk is directed to enter judgment in favor of Motcomb Estates, Reuben Brothers and CDCF dismissing the complaint as against them.
The UCC foreclosure sale should not have been preliminarily enjoined (see generally Uber Tech., Inc. v American Arbitration Assn., Inc., 204 AD3d 506, 508 [1st Dept 2022]). Plaintiff failed to demonstrate irreparable harm. "[T]he feared loss of an investment can be compensated in money damages" (Shelbourne BRF LLC v SR 677 Bway LLC, 192 AD3d 444, 444 [1st Dept 2021]) — even where the investment is in real estate, at least where, as here, the plaintiff's interest therein is "commercial, and the harm [it] fear[s] is the loss of [its] investment, as opposed to loss of [its] home or a unique piece of property in which [it has] an unquantifiable interest" (Broadway 500 W. Monroe Mezz II LLC v Transwestern Mezzanine Realty Partners II, LLC, 80 AD3d 483, 484 [1st Dept 2011]).
Plaintiff failed to demonstrate a likelihood of success on its fraudulent inducement and fraudulent concealment claims — the only claims on which it relies in connection with the preliminary injunction (see generally Underwood v Urban Homesteading Assistance [U-HAB], Inc., 191 AD3d 550, 551 [1st Dept 2021]; P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 376 [1st Dept 2003]).
As to the fraudulent inducement claim, plaintiff does not claim to have been told that every penny of the money defendant Reuben Brothers invested would be used for construction[*2]. Rather, plaintiff maintains that it was led to believe that this money was being given in good faith to facilitate project completion, and not as part of, as plaintiff contends, a preconceived scheme to bury the project in debt, buy it cheap at a UCC foreclosure sale, and take it over. Plaintiff, however, did not allege any specific facts with respect to the time, place, or manner of this purported misrepresentation (see CPLR 3016[b]; Riverbay Corp. v Thyssenkrupp N. El. Corp., 116 AD3d 487, 488 [1st Dept 2014]). Moreover, under the Intercreditor Agreement (ICA) executed by the parties, defendants' conduct was contractually authorized upon an Event of Default, which undisputedly occurred (see Manchester Equip. Co. v Panasonic Indus. Co., Div. of Matsushita Elec. Corp., 141 AD2d 616, 617-618 [2d Dept 1988], lv denied 73 NY2d 703 [1988]; see also FPG Maiden Lane, LLC v Bank Leumi USA, 211 AD3d 528, 529 [1st Dept 2022]). In this regard, defendants were specifically authorized by the ICA to exercise their contractual rights and remedies "in any manner it or they may deem appropriate, and no act or omission in connection therewith shall be deemed for any purpose to comprise interference with the rights of Junior Mezzanine Lender." By contrast, plaintiff expressly disclaimed reliance on any oral representations, expressly consented to the terms of the relevant agreements, and expressly agreed to subordinate its rights to repayment and to pursue its remedies in the event of a default.
As to the fraudulent concealment claim, even assuming the Participation Agreement's transfer restrictions were material, defendants had no duty to disclose them. The governing ICA expressly provided that the relationship between the lenders was "solely an ordinary contractual business relationship involving arm's length parties" that did not owe each other any fiduciary duty (see Sebastian Holdings, Inc. v Deutsche Bank AG., 78 AD3d 446, 447 [1st Dept 2010]; Dembeck v 220 Cent. Park S., LLC, 33 AD3d 491, 492 [1st Dept 2006]). While a duty to disclose may arise by operation of the special facts doctrine, even absent a fiduciary relationship, this doctrine is not properly applied here (see generally Jana L. v West 129th St. Realty Corp., 22 AD3d 274, 277-228 [1st Dept 2005]). A Term Sheet shared with plaintiff disclosed that there would be a participation agreement with unspecified "transfer restrictions," yet plaintiff, a sophisticated party, neither asked to see this agreement nor requested more information (see Sharma v Walia, 201 AD3d 609, 610 [1st Dept 2022]; see also Jana L., 22 AD3d at 278).
The motion to dismiss should have been granted with respect to the fraudulent inducement and fraudulent concealment claims for the reasons stated above.
It should also have been granted with respect to the fraudulent conveyance claim for failure to sufficiently allege a "transfer" by the debtor (see Hasso v Hapke, 227 Cal App 4th 107, 126 [4th Dist 2014], lv denied 2014 Cal [*3]LEXIS 10293 [Oct. 22, 2014, S220254]; see also generally Cal Civil Code §§ 3439.01[a], [m], 3439.05) or that the debtor was or became insolvent as a result thereof (see Stoops v Wei-Liang Leng, 2021 Cal Super LEXIS 3277, *16 [Super Ct, LA County, Mar. 23, 2021, 20STCV30395]; see also generally Cal Civil Code §§ 3439.02, 3439.05).
The breach of the implied covenant of good faith and fair dealing claim should similarly have been dismissed. As clarified by plaintiff's appellate brief, this claim is predicated primarily on the theory that the Participation Agreement between Reuben Brothers and CDCF somehow deprived plaintiff of its right under the ICA to acquire an interest in the Senior Mezzanine Loan. While the ICA did afford plaintiff a one-time right to purchase the entire Senior Mezzanine Loan for a specified price upon the occurrence of certain events, plaintiff failed to exercise this right when the opportunity arose. The ICA does not otherwise give plaintiff any right to acquire a portion of the Senior Mezzanine Loan without the consent of the Senior Mezzanine Lenders, and nothing in the Participation Agreement changed that. Nor is there any merit to any of plaintiff's other arguments in support of its implied covenant claim.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024