Mandour v Rafalsky (2025 NY Slip Op 03160)

Mandour v Rafalsky

2025 NY Slip Op 03160

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 651819/22|Appeal No. 4444|Case No. 2024-03130|

[*1]Nariman M. Mandour etc., et al., Plaintiffs-Appellants,
v
Thomas Rafalsky et al., Defendants-Respondents, Wood, Rafalsky & Wood LLP et al., Defendants.

Warshaw Burstein LLP, New York (Grant R. Cornehls of counsel), for appellants.
Parker Pohl LLP, New York (David M. Pohl of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about April 2, 2024, which, insofar as appealed from, granted the motion of defendants Thomas Rafalsky and TRRKY, Inc. to dismiss the complaint as against them, unanimously affirmed, without costs.
Supreme Court properly decided the motion using the proper standard for a motion to dismiss on statute of limitations grounds (see CPLR 3211[a][5]). On a motion to dismiss a cause of action under CPLR 3211(a)(5), a defendant must establish, prima facie, that the time within which to sue has expired (see Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP, 188 AD3d 530, 531 [1st Dept 2020]). Once that showing has been made, the burden shifts to plaintiffs to offer evidentiary facts establishing that the action was timely commenced (see MTGLQ Invs., LP v Wozencraft, 172 AD3d 644, 664-645 [1st Dept 2019], lv dismissed 34 NY3d 1010 [2019]).
Defendants sustained their burden of establishing prima facie that the time to commence the action against them had expired. The action was not commenced within the six-year statute of limitations governing actions for recission of a contract, which began to run when defendant Thomas Rafalsky and derivative plaintiff-nominal defendant 10/3 Realty Corp., entered into the development agreement on May 21, 2003 (see Flintlock Constr. Servs., LLC, 188 AD3d at 531). The burden then shifted to plaintiffs to raise an issue of fact as to whether the statute of limitations had been tolled or an exception to the limitation period was applicable (see id.; MTGLQ Invs., LP, 172 AD3d at 645).
In opposition, plaintiff failed to submit evidentiary facts establishing that they timely commenced the action (see MTGLQ Invs., LP, 172 AD3d at 645). Plaintiffs argue, as they did before Supreme Court, that the May 21, 2003 development agreement between Rafalsky, an attorney, and 10/3 Realty Corp., Rafalsky's client, contravenes Rafalsky's fiduciary duty to his client. Thus, plaintiffs conclude, the statute of limitations does not apply to plaintiffs' claims because the contract was void at its inception. We reject this argument. An attorney may properly, as Rafalsky did here, contract with a client with respect to matters not involving legal services, or in addition to legal services (see Greene v Greene, 56 NY2d 86, 92 [1982]). In the May 2003 development agreement, Rafalsky and 10/3 Realty Corp. agreed that Rafalsky agreed to develop certain property for 10/3 Realty; the agreement specifically stated that the agreement was not to include the provision of legal services and was "for other than legal services or advice." The contract between Rafalsky and 10/3 Realty therefore evinced a financial transaction rather than the rendition of professional services.
Moreover, the statute of limitations was not tolled by the continuous representation doctrine, which does not apply to "a dispute between an attorney and his client over a financial transaction," but [*2]rather, applies to "an attorney's alleged malfeasance in the provision of professional services on his client's behalf" (Matter of Lawrence, 24 NY3d 320, 342, 345 [2014]). The plain language of the development agreement shows that 10/3 Realty and Rafalsky were engaging in a transaction "separate and distinct from the attorney's rendition of professional services on the client's behalf" (id. at 342). Indeed, even in their malpractice claim, plaintiffs allege that the development agreement "constitutes an improper business transaction between an attorney and client."
In any event, even if the doctrine applied, plaintiffs failed to establish that Rafalsky engaged in an ongoing provision of professional services with respect to the contested transaction(id. at 341; see Booth v Kriegel, 36 AD3d 312, 314 [1st Dept 2006]). The agreement was a discrete document, and Rafalsky did not provide ongoing professional services with respect to that agreement; rather, he had a general professional relationship with 10/3 Realty (see Booth, 36 AD3d at 314; see also 850 Fifth Ave. Corp. v Superstructures — Engrs. & Architects, 15 AD3d 213, 213-214 [1st Dept 2005]).
In light of our determination that plaintiffs' claims are time-barred, the parties' arguments about plaintiffs' declaratory judgment claims are academic.
We decline to consider plaintiffs' argument that Supreme Court should have denied the motion so that plaintiffs could conduct discovery, as that argument is raised for the first time in plaintiffs' reply brief. In any event, even if plaintiffs had advanced the argument in their opening brief, they failed to submit the requisite affidavit in opposition to the motion (see CPLR 3211[d]). Furthermore, plaintiffs have abandoned their appeal from the dismissal of their cause of action for unjust enrichment (the third cause of action) by failing to address the issue in their opening brief (see Mehmet v Add2Net, Inc., 66 AD3d 437, 438 [1st Dept 2009]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025